GRAND-ISLE,
January,
1832.

## HENRY LADD, *vs.* HARRY HILL,

The county court ought not to dismiss an action for want of jurisdiction, where there are several counts in the declaration, and the damages are uncertain; though such court may be of opinion that the plaintiff ought to recover less than one hundred dollars.

In such a case, the motion is addressed to the sound discretion of the court, and ought not to prevail, unless the court are satisfied, that all which is sought in the declaration, might be so presented, that the merits could surely be tried in one action before a justice of the peace.

The jurisdiction of the county court cannot be affected by testimony of the defendant, calculated to lower the damages.

If a chattel is owned by two as tenants in common, and a creditor of one attaches such chattel, he must attach only the undivided half belonging to his debtor.

This was an action of *trover*, in two counts. The first was for five oxen and one ox-yoke, describing them by their color &c., and alleging them to be of the price of one hundred and twenty dollars. The second count was for a note signed by the defendant, and made payable to one Eli Denio, in neat cattle, at a place named, on the 15th day of October, 1829. The action was tried upon the general issue, and the plaintiff obtained a verdict for about thirty dollars, being a less sum than he contended for. The action was brought up to this Court by a bill of exceptions, taken to several decisions of the county court on said trial. The bill of exceptions showed, that there was evidence tending to prove the following facts : That the plaintiff had received the note in question, as security for thirty dollars, and was accountable for the balance to said Eli Denio, if he received the pay on the same ; that, on the day when the note became payable, the plaintiff procured some person to make a cast of interest and indorsements, and ascertain what sum was then due ; that the person did so, and found $56 due, and minuted the same in figures on the note ; that the plaintiff went with the note to the place of payment, where notice was given,

that the plaintiff owned a part of the note; and the defendant's, agent turned out a yoke of oxen, that were appraised in payment of said note, by appraisers mutually agreed upon by said agent and the plaintiff. The note was given up to said agent. And before the plaintiff had moved the cattle, the same were attached by virtue of a writ in favor of this defendant, against John Denio, to, whom it seems, Eli, the payee, had conveyed all of said note, except what was owned by the plaintiff. The note was delivered back to the plaintiff, for him to seek his remedy where he could. Shortly after the defendant obtained the note to look at, and then, forcibly kept it. The defendant's testimony tended to show, that the plaintiff's interest in the note amounted only to thirty dollars. When the plaintiff's testimony was through, and again when the defendant's testimony was through, the defendant moved the court to dismiss the action for want of jurisdiction. This was refused. The cattle were sold upon defendant's execution, against said John Denio.

*Smalley and Adams, for the defendant.*—The first question in this case is, had the county court jurisdiction? This question involves the enquiry, what is the criterion for determining the amount of the plaintiff's " *debt or matter in demand,*" the allegations in his declaration or the proofs which he adduces to establish them ? If the declaration is to be considered as furnishing the criterion, without reference to the evidence, that ends the enquiry in this, case : and in all cases the plaintiff has only to elect his jurisdiction at the time of framing his declaration, and he can resort to, whatever tribunal he pleases. If the plaintiff's *clamor*, and not his *proof*, is his " *debt or matter in demand,*" he has it in his power to confound and abrogate all bounds and limitations of jurisdiction, and render all legislation on the subject ineffectual and absurd. The legislative power is reduced to a mere faculty of creating a diversity of courts from which the suitor may select his favorite. This has not been the rule in this court, or in any other court. The plaintiff's " *debt or matter in demand,*" is what he has a *right* to demand ; and his right depends on his evidence. Hence the true rule is, that the declaration and proof must *prima facie* concur in giving jurisdiction, or the court is bound to dismiss the action. Thus, if the declaration does not set forth a cause of action within the jurisdiction of the court, the defendant is not bound to notice it, and the court cannot act upon it. So if the declaration disclose a cause of action within the jurisdiction of the

GRAND-ISLE,
January,
1832.

Ladd
vs.
Hill.

court, and the plaintiff's showing, *uncontradicted*, present a case of which the court cannot by law take cognisance, they will no longer entertain the suit, but, will dismiss it on motion.    This doctrine is a necessary part of our judiciary system, consisting, as it does, of a number of separate restricted jurisdictions,—and has repeatedly been recognised and acted upon in this Court.    It is built upon the assumption that the " *matter in demand*" is not what the party claims in his declaration or plea, but what his proof entitles him to recover.    *Southwick et al.* vs. *Merrill*, 3 *Vt. Rep.* 32 ; *Brush* vs. *Hurlburt*, 3 *do.* 46 ; 1 *Swift's Dig.* 606 ; 1 *Wils.* 23, 335 ; *Ld. Raym.* 767.

But it is objected that the rule which has been adopted in reference to actions *ex contractu* cannot be applied to actions *ex delicto*.    This objection might avail in those actions of *tort*, where the facts being established, the law has not fixed the rule of damage, but has left it to the discretion of the jury to give what damages they think fit.·    But the justice or jurisdiction of courts is not to be confounded in a net of forms.    The action of trover is in form a fiction ; in substance, a remedy to recover the value of personal chattels wrongfully converted by another to his own use.    Consequently, the rule of damages in this action is the value of the goods at the time of the conversion ; and is no more a matter of discretion or uncertainty than in the action for goods sold and delivered.    The plaintiff's evidence left nothing to the discretion of the jury in respect of damages.—*Kennedy* vs. *Whitewell*, 4 *Pick. Rep.* 466.    Questions of this kind have been the subject of frequent discussion in the Supreme Court of the United States : and the rule is well established there, that the amount of the " *matter in dispute*" is not to be settled by the declaration, but by the evidence on trial.—*Peyton* vs. *Robertson*, 9 *Wheat.* 527 ; *Wilson* vs. *Daniel*, 1 *Cond. Rep.* 185.

2. As to the oxen:—Supposing the defendant had a right to attach the oxen and take them into custody—which was conceded on trial—then, at what stage in the proceedings did his acts become unlawful ?    What circumstances give them an illegal character ?    The taking being legal, how is the retention converted into a wrong ? since the plaintiff's interest has not been prejudiced by it, or withheld from him.    If the law gives the defendant the right to *take* but not *to sell*, then, indeed, he must be contented with this barren right.—*Reed et al.* vs. *Shepardson*, 2 *Vt. Rep.* 120.    By the sale on the execution the defendant became possessed of Denio's interest, and consequently tenant in common with the

GRAND-ISLE,
January,
1832.

Ladd
vs.
Hill.

plaintiff: and it is settled, that one tenant in common cannot maintain trover against his companion ; for the possession of one is the possession of both.—2 *Will. Saund.* 47. But it is said that the sale of the oxen as Denio's property was a conversion. It is not necessary to contend, that this sale would not even be evidence to the jury under the circumstances of the case from which a conversion might be inferred : for the charge of the court took the consideration of this fact as evidence from the jury entirely, and instructed them that in law it was a conversion. This was erroneous. Conversion is a presumption of law and fact, and cannot be adjudged by the court, but must be found by the jury from the evidence. A demand and refusal is but evidence of conversion ; and, therefore, in a special verdict, if the jury merely find a demand and refusal, the court cannot award judgement on the verdict. When the defendant comes lawfully into possession of the goods, this proof is always necessary.—2 *Will. Saund.* 47, *in note ;* 3 *Starkie,* 1497. It is settled that nothing short of the actual destruction—by the tenant—of the chattel held in common,will subject him to an action of *trover* from his companion. Now it is idle to maintain that a yoke of oxen are *destroyed* by a sale, or whilst they remain in the defendant's pasture. The sale on the execution merely vested in the purchaser Denio's interest. It had no effect upon the plaintiff, and cannot *ipso facto* be deemed a disturbance of his rights.—*Heath* vs. *Hubbard,* 4 *East,* 110–28 ; *Buller's N. P.* 34–35 ; *Martyn* vs. *Knowllys,* 8 *T. R.* 145 ; *Holliday* vs. *Camsel et al.* 1 *T.* 658 ; 1 *Coke on Litt.* 785–6, 907–8–9. A purchaser under sheriff's sale of the goods of B, on execution against A, requires no title against B. *Farrant* vs. *Thompson,* 7 *C. L. R.* 272. *Storm* vs. *Livingston,* 6 *John.* 43 ; *St. John* vs. *Standing,* 2 *Johns.* 468 ; *Wilson et al.* vs. ————, 3 *Johns.* 174.

*Harrington, for the plaintiff.*—The plaintiff contends, that, though property owned jointly may be attached in a suit against one of the joint owners, yet the creditor can only take the interest which his debtor has in the property. Though a creditor, when he attaches the interest of one of the joint owners, may be entitled to the possession of the whole property to secure himself against subsequent attachments of other creditors of the same joint owner, yet if he attaches and disposes of the whole property, it would be a conversion for which an action of trover would lie by the other joint owner for his share of the property. If the

GRAND-ISLE,
January,
1832.

Ladd
vs.
Hill.

turning out of the property in this case amounted to a payment of the note, it vested in the plaintiff and John Denio, each owning jointly in the oxen the same amount that they owned in the note before the payment ; and as the defendant took and disposed of the whole, it was a conversion of the plaintiff's share, for which this action will lie. But the note was not paid. The defendant should be bound by his acts and declarations at the time. He declared that he turned out the property to Denio, and immediately attached it as his. By this the defendant deprived the plaintiff of the property, and placed the whole to the credit of Denio. The defendant might have paid the note to the plaintiff who was the holder—have taken up his obligation and then attached Denio's share : but he did not do so. He elected to pay the whole to Denio, trusting to his right to receive it, and he must be bound by that election. The act of the defendant in thus attempting to discharge his obligation, without benefit to the plaintiff, was as much a fraud upon the holder, as payment to Denio would have been after notice of transfer, and could not extinguish the plaintiff's right in the note, or bar his right to recover upon it. Had the defendant turned out the property generally at the time and place specified in the note, he would, without doubt, have discharged the obligation, though Denio had taken possession of the property. But the defendant chose to decide the right to receive payment, and cannot now be permitted to alter his decision. But the turning out of the property, if it did discharge the obligation as to the defendant, did not extinguish the plaintiff's interest in the note. The defendant had paid, as we contend, to Denio, and the plaintiff had a right to go back upon the person of whom he purchased. The note was a necessary part of the evidence of that claim ; and the plaintiff had a right to retain the note, and can recover for its convertion by the defendant.

On the question of jurisdiction, we contend, That the jurisdiction is to be determined by the writ and declaration :—if these give jurisdiction to the court, it cannot be taken away by any subsequent event. This principle holds good as well with regard to the parties, as to the subject matter. When the court have once jurisdiction of the parties, no subsequent act can oust the court of their jurisdiction ; and it is the same as to the subject matter of the suit. The jurisdiction of the court cannot be determined by the evidence given in the case. If it is to depend upon the evidence, then, if the plaintiff should declare in *trover* for property alleged to be worth $100, 00, yet if his witnesses should set

GRAND-ISLE,
*January,*
1832.

Ladd
*vs.*
Hill.

It within that sum, the court would have no jurisdiction. If he should value his property less than $100, and the witnesses should set it over that sum, this would oust the justice of his jurisdiction. So that the jurisdiction of the court would not depend upon any settled and known rule of law, but upon the opinion of witnesses. The property declared for in the first count is of sufficient value to give the county court jurisdiction, and that is not lost because the plaintiff has not succeeded in recovering the whole. If the plaintiff's failing to establish a part of his claim would deprive the court of their jurisdiction, much more would they be deprived of it, had he failed to establish any part; and every trial upon the merits would be but a question of jurisdiction. If the plaintiff succeeded, the adjudication of the court would be conclusive: if he failed, the court would be ousted of their jurisdiction, and the whole proceedings would be void.—3 *Conn. Rep.* 553, *Newtown* vs. *Danbury.* The second count in the plaintiff's declaration may well be taken as an example to illustrate the doctrine. That sets out the conversion of a note for principal and interest amounting to $112, 00. Now if the court should be of opinion, that the plaintiff can recover on that count, they have jurisdiction of the cause : if they should decide against the plaintiff, then they have no jurisdiction, and this to a question not arising upon the state of the pleadings, but growing out of evidence given to the jury on a trial of the merits. The conclusion is, that the court have jurisdiction to hear, try and determine the merits; but have no jurisdiction of the cause. The very presumption that they can determine the legality of the plaintiff's claim, presumes that they have jurisdiction.—2. *T. Rep.* 643, *Owen* vs. *Hurd*; 1 *D. Chip.* 208, *Gale* vs. *Bonyea.* Should it be contended that the interest of the plaintiff in the note is less than $100,00, it is answered that the note is a thing entire and undivisible, and if the plaintiff had possession coupled with an interest, and the defendant has converted it, the plaintiff can go for the whole note. This is one of the questions put in issue by the plea of the defendant; and this Court are now called upon to decide the law arising upon the evidence in the case : and the right of the court to decide finally the question must depend wholly upon their jurisdiction of the cause. Suppose the declaration had been for the note alone, and the evidence had been what it is in this case, and the county court had made the same charge they have now done, could not the plaintiff have excepted to that charge, and called upon this Court to determine his right to recover, and the extent of that right? And would

GRAND-ISLE, January, 1832.

Ladd
vs.
Hill.

this Court, after they had finally decided the cause, have ousted themselves of their jurisdiction, and have sent the plaintiff to a justice of the peace to have it settled over again? And if the county court had jurisdiction of either count, they had jurisdiction of the whole, though the recovery should be on a count, of which, if standing alone, the court would not have had jurisdiction.—*Mc'-Farland* vs. *Mc'Laughlin*, 2 *D. Chip. Rep.* 90; *Keyes* vs. *Weed*, 1 *D. Chip. Rep.* 379. Should it be said there was an indorsement on the note that reduced it, it is answered that the question to be tried is an indorsement of a note above the sum of $100.—The indorsement is only evidence of payment; and whether this evidence is upon the note, or comes out from the testimony of witnesses, does not alter the case. In an action on the note itself, the statute has made the jurisdiction to depend on the indorsements; but this statute cannot be extended to an action of tort. In the suit on the note, the law presumes the evidence of payment in the possession of the plaintiff. In this action the note with the indorsements is in the hands of the defendant.

HUTCHINSON, C. J., *pronounced the opinion of the Court.*— The defendant's motion to dismiss for want of jurisdiction was not such a motion as should be granted of course : for sufficient was stated in the declaration to give the county court jurisdiction. The note of one hundred dollars, in one count, and four or five oxen in another, alleged to be worth $120, *prima facie,* exceeded the jurisdiction of a justice of the peace. The motion was predicated upon a supposed failure of the plaintiff to prove so large a sum due to him, as would bring his case within the jurisdiction of the county court. The county court were called upon to weigh the plaintiff's testimony for the purpose of deciding this motion. And they ought not to dismiss the action, unless it was a clear case, that the plaintiff's whole claims, in this action, could be tried before a justice of the peace in one action. The plaintiff ought not to be dismissed from one court, and sent to another, where the jurisdiction would still be uncertain. The defendant's motion was addressed to the sound discretion of the court ; and several circumstances were worthy of their attention. The matters stated in the declaration were large enough to give the county court jurisdiction. If it were suggested, that the plaintiff ought either to have sued for the note, treating it as unpaid, or for the $56 worth of oxen, treating the note as paid, and either would have been within the jurisdiction of a justice of the peace, the question immediately arises, whether

he would have been safe to have sued in either of those ways,
alone.   Much might be urged to show that the note was paid,
and was of no value when converted by the defendant, and that
the plaintiff's only claim was for the oxen.

Again, it might be urged, that the plaintiff's taking back the
note, after the oxen were attached, was a refusal to treat the oxen as
payment, and a determination to hold the note in full force.   From
the testimony stated in the case, I should consider the note paid,
and the oxen the property of the plaintiff.   But different testimony
as to what transpired, when the oxen were turned out, and with
regard to the powers of the person who then acted as agent for
the defendant, might vary the case in this respect.   This uncer-
tainty, upon which count the plaintiff ought to recover, added to
the uncertainty of what amount the plaintiff ought to recover, in
reference to his own interest, and his liability over for whatever
else was due upon the note, which still remained in defendant's
possession, rendered it proper that the county court should retain
jurisdiction.   And here it may be observed, that the testimony on
the part of the defendant could no more affect this question of ju-
risdiction, than proof of partial payments in any case whatever.
The defendant's showing that the balance of the note, or of the
cattle, after the plaintiff's debt was satisfied, belonged to John
Denio, and was legally holden by the defendant's attachment
against John, might go to reduce the damages, but could not de-
prive the court of jurisdiction.

Another question was raised upon the instructions given to the
jury with regard to the conversion.   If the note were the object of
the recovery, there could be no doubt but that the defendant's ob-
taining it for examination, and then stuffing it into his mouth, and
forcibly keeping it, was a conversion.   I thought upon the hear-
ing, that the same question was equally clear, if the oxen were
the object of recovery.   The plaintiff and John Denio, it now
seems, owned them as tenants in common, and the defendant
attached the whole as the property of John Denio.   That, and the
after sale, were clearly a conversion of the plaintiff's portion of
the oxen.   The defendant could of right take no more than
the undivided portion which belonged to John Denio.
If Eli and John Denio had been partners, or if John had had
the sole possession of the oxen, and the plaintiff's interest in them
had not been known to the defendant, and the defendant claimed
by a purchase from John, a different question would have arisen.

The judgement of the county court is affirmed.