## GRAND ISLE COUNTY,

JANUARY TERM, 1838.

Present, Hon. SAMUEL S. PHELPS, }
     "   JACOB COLLAMER, } *Assistant Justices.*
     "   ISAAC F. REDFIELD, }

### GARY WHITNEY *v.* JEDEDIAH P. LADD.

If one of two joint owners of personal property forcibly take it from the officer who has taken it on legal process against the other joint owner, the officer may maintain trespass therefor.

TRESPASS, *de bonis asportatis.*

The testimony in the County Court tended to show that the defendant and E. A. Garfield were joint owners of a printing press and types, which were attached by the plaintiff, as constable of North Hero, on a writ in favor of Horace Wadsworth against said Garfield ; that after the attachment and the removal of a part of the property attached, and before the inventory of the articles was completed, and while the plaintiff and his assistants were absent from the printing office, at dinner, the defendant entered the office, with a knowledge of such attachment, locked the door, and excluded the plaintiff, who applied for admittance ; that the defendant retained possession of the office until he procured the property to be attached on a writ in his own favor against said Garfield. Both writs were prosecuted to judgment and execution, and the portion of the property attached by the plaintiff, which he had removed, was duly advertised and sold. The property rescued by the defendant from plaintiff's attachment, or a portion of it, was also sold on defendant's execution.

This action was brought to recover damages for the property so rescued.

The County Court charged the jury that they had to inquire, first,

Whether the plaintifl did attach the property in question on the writ *Wadsworth* v. *Garfield*, by taking such possession of the property as the occasion would reasonably admit.

2. Whether the attachment, if made, was proceeded with, and the possession of the plaintiff continued until the alleged interruption by the defendant; and that, although they should find that the plaintiff and his assistants were absent from the office when the defendant entered it, yet if they were so absent merely for a temporary purpose, intending immediately to resume the removal of the property, the attachment and possession under it should be treated as continuing.

3. Whether the defendant, with notice of plaintiff's attachment and against plaintiff's will,interrupted the plaintiff, by closing the door of the office against him, and keeping him from the property, and, by means of a subsequent attachment in defendant's favor, removed and took away the property.

On the subject of damages, the Court instructed the jury, that if they should find for the plaintiff, the interest of Garfield in the property was the proper subject of Wadsworth's attachment, but that, as the extent of that interest did not appear,it would be the duty of the jury to treat it as an undivided moiety of the whole interest.

Verdict for the plaintiff and exceptions by the defendant.

*O. Stevens*, and *G. Harrington*, for defendant.

An officer, who attaches the right of a tenant in common, can have no greater right or authority over property so attached, than the original owner. One tenant in common cannot maintain trespass against his co-tenant, except for a wanton destruction of the property. *Holliday* v. *Campbell & White*, 1 T. R. 658. *Heath* v. *Hubbard*, 4 East's R. 122. *Fox* v. *Hanbury*, Cowp. R. 450. *Heydon* v. *Heydon*, 1 Salk. 392. *Smith* v. *Stokes*, 1 East's R. 363. Coke Litt. 200. (a) Gilbert's Evidence, 534.

The defendant, having come peaceably into the possession of the property, of which he was joint or part owner, is not liable in this action. When the interest of one tenant in common is attached, the other does not thereby lose his

*right* of possession, or use of the property attached, but has the same interest in, and right to such property as before. *Parker* v. *Pistor*, 3 Bos. & Pul. 288. 2 Johns. R. 468. *Field* v. *Taylor*, 4 Ves. 396. 4 Conn. R. 540

The officer could have sold the interest of Garfield on the execution, if he wished, and his vendee would have been tenant in common with Ladd.

It was the duty of Plaintiff to prove that one half was the property of Garfield, and, in the absence of such proof, it was not for the court or jury to assume that as a fact.

*H. Adams*, for plaintiff.

The opinion of the court was delivered by

COLLAMER, J.—The question which this case presents is this;—can one of two joint owners of personal property forcibly take it from the possession of an officer, who has legally attached it, on process against the other joint owner ?

It is first to be inquired, whether such property is subject to process, against one of the joint owners or co-partners. This has hardly been doubted here, and has been frequently decided in England. There has indeed been some doubt what was to be sold on the execution ; whether it was the partner's joint interest in the whole concern, subject to a final settlement, or whether it was his interest in each particular article. It would seem that, in the King's Bench, measures have, at times, been taken to secure the former only, and protect the rights of the creditors or other partners, in the joint concern, and hold the property first liable to the joint debts ; and this seems, in some measure, to have been followed in Massachusetts, which has no court of Chancery. In the court of Common Pleas, however, in England, such course has been declined, and the parties have been directed to seek all such relief in chancery. *Parker* v. *Pistor*, 3 Bos. & Pul. 288. *Chapman* v. *Koops*, 3 Bos. & Pul. 289. *Rice* v. *Austin*, 17 Mass. R. 197.

In the case of *Reed and Root* v. *Shepherdson*, 2 Vt. R. 120, this court entirely denied the adoption of any such course, as a court of law. It was there holden that the partnership effects could be attached on the debt of one partner, and his interest sold on execution ; and that such taking and sale was no trespass or tortious conversion, though the concern were insolvent, and he had no ultimate interest, on a final

settlement. It is unnecessary to inquire what should be done in chancery, were application there made.

This point having been so settled, it now becomes necessary to inquire, whether this right of the attaching creditor of one partner can be practically asserted, and the officer be protected in the performance of his duty, and the rights of third persons be preserved, and yet, to hold that the other joint owners have the right to retake the property from the officer, and assert the same power over it as they could before attachment; as is now insisted for the defendant. Our system of attachment of personal property, to respond the ultimate judgment, necessarily implies that the officer is to keep the possession of the property. No other mode is provided to prevent its sale to others or its attachment by them. If it goes into its previous condition or control, it at once becomes subject to such sale or attachment, and such a course is utterly inconsistent with the acknowledged rights of the first attaching creditor, and the duty of the officer. If the joint owner may retake from the officer, he may resist the officer in taking at all. This would practically deny the power of attachment of the property on one owner's debt. To say that an attachment can be made, and the property still left or permitted to go back into the possession and control of a co-partner, would enable him to sell each article to as many different purchasers, as he could divide it into parts, and to sell the whole, in the entirety, such purchasers having no notice of the attachment, and thus put it utterly beyond the reach of the officer, or attaching creditor, or the purchaser under the officer's sale to follow it; and if it could be followed into third persons' hands, they would hold it as joint owners, when they purchased *the whole*, in good faith. It was holden in *Reed and Root* v. *Shepherdson*, that the officer was to sell, on execution, the debtor's share in the articles attached. Most undoubtedly then he must have them present to exhibit and deliver to the purchaser. This, however, cannot be, if the other joint owner have lawfully retaken them. In short, it is impossible to hold that the interest of one joint owner of personal property can be taken and sold on his individual debt, consistently with our laws, without holding that the possession, by the officer, is paramount to all others. If the doctrine is to be received *at law*, instead of *Chancery*, that it is only the interest, left after final settle-

ment of the concern, which is to be holden, it must be done by some legislation, providing a new mode of attachment, a new mode of giving notice to the world, and giving the court some new power to bring the concern to a final settlement and preserving the interests of all.

The whole weight of the argument for the defendant is founded on this, that the attaching officer takes only the interest and possession of one joint owner, and as at law one joint owner may, at any time, take the possession from the other, it is therefore concluded he may take it from the officer ; and it would necessarily follow, if the property were co-partnership effects in trade, he could continue to sell to customers, until all was sold. This is quite plausible, but in truth the officer is not the keeper for the partner, whose interest he takes. He is keeper for the law ; and other interests are involved, besides the owner's, with which the right of recapture is inconsistent, and therefore superseding that right. When a man conjoins his interest with another in the ownership of personal chattels, his right of possession is, necessarily, subject to this paramount right of the law. In *Chapman* v. *Koops,* 2 Bos. & Pul. 201, Lord *Alvanley* says, " When persons enter into partnership, they must be aware that the separate concerns of each partner may, in some cases, introduce a variety of claims inconvenient to the general concern." The authorities, introduced by the defendant, do indeed show that the purchaser, under the sheriff's sale, becomes a mere joint tenant with the other partners, and is subject to a final adjustment in chancery, and can hold only the final interest of the execution debtor ; but they do not show the right to retake from the officer. The expression of Lord *Mansfield,* so often repeated in the books, as used by Lord *Hardwick,* (Cowp. 445.) " and must take it in the same manner the debtor himself had it, and subject to the rights of the other partner," relates entirely to the right of the other partner, in chancery, to have the partnership debts paid out of the effects, and the ultimate balance only of the debtor holden. It contains no suggestion of a right to retake from the officer. The direction to the jury to treat the interest as an equal one, was undoubtedly right, in the absence of any proof to the contrary.

PHELPS, J.—Dissenting.        Judgment affirmed.