LOTON GASSETT *v.* BENJAMIN B. SARGEANT.

*Attachment of the property of joint owners—A delivery to one co-tenant, a delivery to both—Officer's liability, &c.*

If an officer attach property owned by two, as tenants in common, upon debts of both tenants, and proceeds to sell it upon the writs of attachment, he must ordinarily notify all the parties to the writs or attachments, of the appraisal, under the statute, and if one of the tenants has no notice of the appraisal, it will be so far as he is concerned the same as if no appraisal had been made.

And the officer, having taken the property from the joint possession of both co-tenants, may surrender it to either.

And an officer attaching property in any case, may, if he choose, deliver the property to the creditor for safe keeping, during the pendency of the suit, and as security for the re-delivery of the property, take its value in money of the creditor; and of this the debtor cannot complain during the pendency of the suit.

The defendant, as constable, attached a quantity of cheese, which was the joint property of the plaintiff and one S., on writs of attachment against both tenants; the cheese was appraised without the knowledge of the plaintiff, and S., the co-tenant deposited with the defendant the appraised or agreed value of the cheese, and the defendant delivered the same to S.; the suit against the plaintiff having been determined in his favor, and after a demand of the cheese of the defendant, he brought his action of trover for the same—*Held*—under these facts, that defendant's proceedings with the property were not equivalent to a public sale of the whole of the cheese, nor was the defendant guilty of a conversion, and that the delivery of the cheese to S. one of the joint owners was to all intents a delivery to the plaintiff.

TROVER for a quantity of cheese, and certain other personal property. Plea, the statute of limitations as to all the property but the cheese and not guilty as to that. Trial by the court.

On the trial, the plaintiff abandoned the right to recover as to all the property mentioned in the declaration, except said cheese.

The court found from the proof the following facts :

That on the first day of April, 1841, the plaintiff and one Jesse Stedman owned each an undivided half of said cheese, and that the same was in their possession, in the town of Chester; that while they thus owned said cheese, and while it was thus in their joint possession, to wit, on said first day of April, 1841, it was taken out of their custody and possession by the defendant, who was then constable of said Chester, upon and by virtue of writs of attachment, one in favor of said Stedman against said Gas-

sett, (the plaintiff) and one in favor of William Marsh against said Stedman, on each of which was attached an undivided half of said cheese. Soon after said cheese was attached and while the same was in the custody of the defendant by virtue of said attachment, said defendant caused the whole of said cheese to be appraised according to the statute in such case provided, but of this the plaintiff had no notice, and after said appraisal said Stedman paid over to the defendant the full amount of the appraisal of the whole of said cheese, and the defendant thereupon delivered the cheese to said Stedman. Afterwards, to wit, at the May Term of Windsor County Court, 1848, Stedman became non-suit in his aforesaid suit against said Gassett, and thereupon, after demand of said cheese by the plaintiff, this suit was instituted to recover for said cheese.

Upon these facts, the County Court, May Term, 1852,—COLLAMER, J., presiding,—rendered judgment for the plaintiff to recover the value of an undivided half of said cheese.

Exceptions by the defendant.

*H. E. Stoughton* for defendant.

The officer was bound to deliver said property to Stedman upon his giving the requisite security. Comp. Stat. 247 § 33.

And a delivery to Stedman one of the joint owners was a delivery in law to both, for as is said in *Frost* v. *Kellogg*, 23 Vt. 308, " unless the officer in such case can relieve himself from liability by delivering the property to either joint owner, his position is truly critical and embarrassing." The court say, " he surely has no authority to act as a divider between them, and if they will not agree who shall take the property he must keep it and stand the consequences; we think he may deliver the property to either joint owner."

But it may be insisted, that Gassett, not having notice of the *appraisal*, constituted all the proceedings as against him a nullity; that the attachment was thereby dissolved, and that under such circumstances the defendant was guilty of a conversion of the plaintiff's portion of the cheese.

The statute, in terms, provides that upon application for an appraisal of property, the officer shall give notice to all parties interested, or their attorneys, of such application. Comp. Stat. 246

§ 30. But the statute does not contemplate that notice of the appraisal shall be given, and it was held in *Abbott v. Kimball*, 23 Vt. 542, that no such notice was necessary.

The case finds, in terms, " that the defendant duly caused said cheese to be appraised according to the statute in such case provided," but of this, i. e. the *appraisal*, the plaintiff had no notice.

Stedman and Gassett being joint owners of the cheese, the defendant, in order to constitute a valid attachment of the same, upon a writ of attachment against Stedman, must take and maintain the exclusive possession of the whole. This doctrine is fully recognized in *Whitney* v. *Ladd*, 10 Vt. 165, and also in *Heald* v. *Sargeant*, 15 Vt. 506.

If the appraisal is void as against Gassett, then the officer has got Stedman's money, which he is bound in law to apply in satisfaction of any judgment which Marsh may recover in his suit against Stedman, and the balance, if any, he must return to Stedman. And in case Stedman ,succeeds in said suit, then, in that event, the defendant is bound to account to Stedman for the full amount deposited. And if the officer is liable in this suit to Gassett for one half of the property, Stedman is the lucky man ; for surely the defendant would have no right, as between himself and Stedman, to hold Stedman's money to indemnify himself against his own torts.

If the delivery as against Gassett is valid, as we insist it is, then the success of Gassett in obtaining a judgment would not operate to make the officer a *tort feasor*, but Gassett would be entitled to recover of the officer, if he could under the circumstances have any claim upon the officer, one half of the money deposited.

But whether Stedman acquired any title to Gassett's half of the cheese, if the delivery was valid *against both*, is a question not necessary to determine in this suit. It is enough for our purpose to know that he cannot be made liable in this action.

*L. Adams* for plaintiff.

1. The facts found, by the court, show such an abuse of the defendant's authority that he was liable as a trespasser *ab initio*, and an action of trespass might have been sustained. *Abbott* v. *Kimball*, 19 Vt. 551. *Sutton* v. *Beach*, 2 Vt. 42. *Weld* v. *Oliver*,

21 Pick. 559. *Barrett* v. *White*, 3 N. H. 210. *State* v. *Moore*, 12 N. H. 42.

2. Whether trespass could have been sustained in this case is immaterial; for the action is trover, and the case shows a conversion clearly. *Taft* v. *Vickery*, 1 D. Chip. 241. *Ladd* v. *Hill*, 4 Vt. 164. *Bradley* v. *Arnold*, 16 Vt. 382. *White* v. *Morton*, 22 Vt. 15. *Stedman* v. *Lull*, Windsor County Adjourned Term, 1846, holding, that an officer after the appraisal cannot sell at private sale, and if he does, he is a trespasser *ab initio.* 1 Chitty's Pl. 182. 3 C. & P. 136.

3. The issue having been tried by the court, and the evidence having tended to show a conversion, the judgment is conclusive. *Noble* v. *Admr. of Jewett*, 1 D. Chip. 36. *Forbes* v. *Davidson*, 11 Vt. 660. *Strong* v. *Barnes*, 11 Vt. 221. *Kirby* v. *Mayo*, 13 Vt. 103. *Cilley* v. *Cushman*, 12 Vt. 494. *Stearns* v. *Howe*, 12 Vt. 578. *Kent* v. *Hancock*, 13 Vt. 519. *State* v. *Carr*, 13 Vt. 573. *Card* v. *Sargeant*, 15 Vt. 398. *Hodges* v. *Hosford*, 17 Vt. 617. *Seward* v. *Hefflin*, 20 Vt. 144. *Emerson* v. *Young*, 18 Vt. 603. *May* v. *Bliss*, 22 Vt. 477. *Cottrill* v. *Vanduzen*, 22 Vt. 511. *Swift* v. *Day*, 23 Vt. 656.

The opinion of the court was delivered by

REDFIELD, Ch. J. The leading question in this case is, whether the defendant's proceeding with the property was equivalent to a public sale of the whole property. If so, it is well settled that plaintiff may maintain trover for his interest therein. *Ladd* v. *Hill*, 4 Vt. 164. *Bradley* v. *Arnold*, 16 Vt. 382. *White* v. *Morton*, 22 Vt. 15. This is regarded as settled law, in this state, notwithstanding we hold, that the sale of the entire chattel, by one tenant in common, will not enable his co-tenant to maintain trespass, or trover, against him, inasmuch as the title is not divested, and no right of possession is violated. *Tubbs* v. *Richardson*, 6 Vt. 442. *Hurd* v. *Darling*, 14 Vt. 214. *Sanborn* v. *Morrill*, 15 Vt. 700.

The property was attached, upon the debt of both tenants, by the defendant, and if the officer had proceeded to sell, it would have been incumbent upon him to have notified all the parties to the suits or attachments, of the appraisal, under the statute. Its terms seem to imply that, in ordinary cases, perhaps not in all;

and the bill of exceptions, in this case, seems to import, but not very explicitly, that the plaintiff had no notice of the appraisal. It would then, so far as he was concerned, be the same, as if no appraisal had been made. But we are unable to see, why giving up the property to the other tenant, amounts to a conversion. The defendant had the right, to take the whole property, upon the process, against one of the tenants. *Reed* v. *Stephenson,* 2 Vt. 120. *Whitney* v. *Ladd,* 10 Vt. 165. If the defendant rightfully retained the property up to the time of the appraisal, on one, or both the processes, the abandoning it at that time, could not make him a wrong doer. Nor could the fact, that he received a sum of money of the other joint owner, equal to the appraised or agreed value of the whole property, without the knowledge of the plaintiff, be any thing of which he could complain, so long as he was not compelled to pay the money. If there was any wrong committed by the defendant, it would seem to be in compelling Stedman to deposit the value of the whole property, when only an undivided half was attached on his debt. But of this the plaintiff need not complain, as it does not seem to have wrought him any injury. And it would seem to have been altogether voluntary on Stedman's part, and very probably to save the necessity of giving notice to plaintiff, Stedman being the creditor, in the suit against plaintiff. The transaction then, so far as the plaintiff was concerned, was equivalent to a surrender of Stedman's attachment. It might not have been so intended; Stedman might have supposed that by the appraisal, and depositing the money, he acquired a legal estate in the whole property attached; but there is nothing in the statute giving it that effect, and nothing in the transaction, tending to any such result. It is, so far as plaintiff is concerned, or the attachment of his half, but a deposit of the value of the property attached, by the creditor, and giving up the property to the debtor. For the possession of one tenant is the possession of both, and the property being taken by defendant, from the joint possession of both tenants, he might well surrender it to either. He could not surrender it to both, and he could not divide it. He must surrender it to one, and to which, was indifferent, according to the decision in *Frost* v. *Kellogg,* 23 Vt. 308. And that there has been nothing; in this case, in the nature of a public sale, is most manifest. The apparent confusion in the case arises un-

Gassett *v.* Sargeant.

doubtedly, from the peculiarity of the rights growing out of the tenancy in common. If it is considered, in this case, that the defendant took the value of the property of the creditor, and surrendered it to him, as his own, it might be treated, no doubt, at the election of the debtor, as a conversion of the property.

But the officer attaching property, in any case, might if he chose, deliver the property to the creditor, for safe keeping, during the pendency of the suit, and as security for the re-delivery, take its value in money of the creditor. And of this the debtor could not complain, so long as the suit was pending. And when that was determined in favor of the debtor, the property would belong to him, and the money to the creditor. And so here, if both suits were determined. But this case only shows the determination of one suit. And the defendant may still retain the property, upon one suit, and the half of the money, (if one half can fairly be regarded as released, by the failure of the suit against plaintiff,) belongs to Stedman, who deposited it. And plaintiff's right to the absolute restitution of the property, will not accrue, until both suits are determined, and then the property being in the possession of his co-tenant, will be, to all intents, a restitution, the same precisely, as if restored to himself. This is the very point decided in *Frost* v. *Kellogg*, and not matter of argument, in the opinion, more than it is here. We feel that we could not sustain the plaintiff's claim, on the facts stated, without overruling that case, and departing very essentially from long established principles.

Had the party chosen to wait for the defendant to sell the property, and made no deposit, it is by no means certain the defendant would have proceeded. The presumption is perhaps, that he would have proceeded, in conformity to the statute, either to sell only the interest of Stedman, or else to give the plaintiff notice, before he proceeded against his interest. Certain it is, he does not appear to have sold plaintiff's interest, or to have done any act equivalent. There is nothing in the case of *Abbott* v. *Kimball*, 19 Vt. 552, which seems to us to favor the view, that defendant has been here, guilty of any abuse of authority. Nor is there any testimony detailed in the bill of exceptions, which could be justly regarded as having had any legal tendency, to show a conversion by defendant, so as to conclude that question, by the finding of the county court upon the facts.

Judgment reversed, and case remanded.