## NAPOLEON LUCE *v.* EDWIN HOISINGTON.

*Trespass. Plaintiff must have Possession or Right of Immediate Possession. Attachment.*

1. Where an officer attaches a chattel, and, while lawfully holding possession thereunder, attaches it again on another writ against the same party, and keeps the chattel from him only while so entitled under the first attachment, *Held*, the officer is not liable in trespass for the second attachment. It was no invasion of the possession or right of possession, as he had none. Defence could be made under the general issue and notice of justification of the first attachment without further justification as to the second.

2. In an action of trespass for taking an ox, evidence is inadmissible to prove that the plaintiff occupied some land, and that he was damaged by not having the ox to work.

TRIAL by jury, at the December Term, 1881, TAFT, J., presiding. Trespass for taking an ox. Verdict and judgment for the plaintiff to recover $4. The defendant, as constable, attached the ox on one writ, March 16, 1880, and on another writ in favor of another party, April 6, 1880, and held the ox in his possession till May 10, 1880, when both claims were paid. The other facts are sufficiently stated in the opinion.

*Gilbert A. Davis*, for the defendant.

In order to maintain trespass, the plaintiff at the time of the injury must have had either the *actual possession* or a property in the ox, either general or special, with the right to the immediate possession. *Swift* v. *Mosley*, 10 Vt. 208 ; *Hurd* v. *Fleming*, 34 Vt. 169 ; *Skiff* v. *Solace*, 23 Vt. 279 ; *Cilley* v. *Cushman*, 12 Vt. 194 ; *Austin* v. *Tilden*, 14 Vt. 325.

Defendant had a *special property* in this ox with a right of possession, because of the first attachment. *Bourne* v. *Merritt*, 22 Vt. 429, 431 ; 1 Chit. Pl. 168 ; *Van Brunt* v. *Schenck*, 11 Johns. 377 ; *Putnam* v. *Wiley*, 8 Johns. 432 ; *Carter* v. *Simpson*, 7 Johns. 535.

There was error in admitting evidence that the plaintiff was cultivating land, and was specially injured by being deprived of the ox. Sedgw. Dam. 487, 501 ; 28 Vt. 1 and 688.

*Norman Paul*, for the plaintiff.

It appears from the bill of exceptions, that the plaintiff owned but one ox. That this ox was exempt from attachment by the statutes of this State, is so familiar to every one that the discussion of the question or citation of authorities is unnecessary.

The taking and detention of the ox was a trespass. Waterman on Trespass, 381.

The defendant having stated his matter of justification to the alleged trespass by giving notice under the statute, instead of pleading specially, the plaintiff had the right to give in evidence any matter the same as though he had new assigned in a replication to a special plea. *Keyes* v. *Howe*, 18 Vt. 411 ; *Lawton* v. *Cardell*, 22 Vt. 524 ; *Hubbell* v. *Wheeler*, 2 Aik. 359.

The taking of the ox on the first writ being wrongful, the attachment on the second writ while the ox was in the possession of the defendant was also a wrong, for which trespass will lie. Waterman on Trespass, 462 ; *Hart* v. *Hyde*, 5 Vt. 328 ; *Cox* v. *Hall*, 18 Vt. 191 ; *Gibbs* v. *Chase*, 10 Mass. 125 ; *Miller* v. *Baker*, 1 Met. 27.

The ruling of the court that the plaintiff was entitled to recover for the taking on the second writ was correct, as there was no

justification of anything done under that.   *Allen* v. *Parkhurst &
Fuller*, 10 Vt. 557 ; *Strong* v. *Hobbs*, 20 Vt. 185 ; *Briggs* v. *Ma-
son et al.*, 31 Vt. 433.

The opinion of the court was delivered by

VEAZEY, J.   The action is trespass for taking an ox.   It ap-
pears that the defendant, as constable, first attached the ox on one
writ, and took it into his possession, and while so having the pos-
session, made a second attachment of the same ox on another writ
against the same party, the plaintiff in this suit, and that he con-
tinued to hold possession for several weeks and until judgments
were obtained in both suits and executions issued thereon and
were paid, when the ox was returned.   The defendant pleaded
the general issue with notice justifying the taking as an officer on
the first writ, but not on the second writ, and now claims that he
is entitled to defend as to the second attachment under this plea
and notice.

The County Court held against this claim, and submitted to the
jury only the question of damages from the time of the second at-
tachment.

The substantial question is, whether trespass can be maintained
for what was done by the defendant under the second attachment.
We think it cannot.   In order to maintain this action, the plain-
tiff at the time of the injury must have had either the actual pos-
session, or a property in the ox, either general or special, with
the right to the immediate possession.   1 Chit. Pl. 166–7 ; *Hurd*
v. *Fleming*, 34 Vt. 169 ; *Cox* v. *Hall*, 18 Vt. 191 ; *Van Brunt*
v. *Schenck*, 11 Johns. 377 ; *Putnam* v. *Wiley*, 8 Johns. 432.   At
the time of the second attachment the possession of the ox and the
right of possession was in the defendant by virtue of the first at-
tachment, which it is conceded in this hearing was legal ; and the
ox was not kept longer than the right existed under the first at-
tachment.   If the first attachment had been illegal a different
question would have been presented.   1 Ch. 170.

If the defence was a justification it would require a special plea
or notice, but the defence as to the second attachment is a denial
of an invasion of any such right as the plaintiff must show in

Luce *v.* Hoisington.

order to maintain trespass, a denial of any forcible taking ; which is a defence appropriate under the general issue and the notice of justification of the taking under the first writ. By the defendant putting an additional attachment upon the ox under the second writ, and he having delivered the ox to the plaintiff as soon as he was entitled to it under the attachment on the first writ, the plaintiff's right of possession was not interfered with, because he had none while the second attachment was on. This action lies only for injury to the possession, and cannot be sustained where the plaintiff's interest is in reversion and not in possession. 1 Chitty, 167 ; 4 Term R. 489 ; 7 Ib. 9. We think this case is distinguishable from those where there was an unlawful exercise of authority over goods although without force, as by attachment without removal of the property. In those cases the possession or right of possession was in the owner, or person standing in his right.

Under the defendant's objection and exception the court admitted evidence that the plaintiff owned and cultivated a small quantity of land, and that he was damaged in respect thereto by not having this ox to work. The exceptions do not show for what purpose this evidence was admitted or what use was made of it. Under the declaration it furnished no ground of recovery, and if admitted and used for this purpose it was error. This is sufficient to say on this point, as the case must be reversed on the other ground. No claim is now made on the exception to the charge.

Judgment reversed and cause remanded.