## S. G. & G. D. SPAULDING v. O. W. ORCUTT.

### Trover.    Chattel Mortgage.    Tenants in Common.

S. and W. were the owners of certain furniture. S. executed to the plaintiffs a chattel mortgage of his undivided half of the same to secure them for having signed a note with him as sureties. W. was in possession of the whole furniture; and while so in possession caused S.'s half to be attached on a debt against him; but the property was not removed, and in a few weeks, though after the commencement of this suit, the attachment was released. *Held*, that the plaintiffs at best were only tenants in common with W.; that W. had a right to the possession equal to that of his co-tenants; and that an action of trover would not lie against the officer serving the writ, as his acts did not amount to a conversion.

TROVER.    Heard on the report of a referee, March Term, 1883, Washington County, REDFIELD, J., presiding.

Judgment on the report for the defendant. The referee found that the note for which the chattel mortgage was given was payable on demand; but that neither of the sureties had paid the note, and that their property had not been attached in consquence of it. The other facts are stated in the opinion of the court.

*L. L. Durant*, for the plaintiffs.

The form of the action is of little matter, as the case was referred. *Granite Co.* v. *Farrar*, 53 Vt. 85. The defendant

did not legally attach the property, having neglected to pay the plaintiffs' mortgage within the time allowed by the statute. R. L. s. 1180 ; *Towner* v. *Bliss,* 51 Vt. 59 ; *Fish* v. *Clifford,* 54 Vt. 344. The plaintiff should be allowed to recover the value of the property. *Leonard* v. *Belknap,* 47 Vt. 602 ; *Hunt* v. *Hyde,* 5 Vt. 328 ; *Tinker* v. *Merritt,* 39 Vt. 477 ; *Hunt* v. *Skinner,* 16 Vt. 138.

An action sounding in tort can be sustained by one co-tenant against another co-tenant. *McCellan* v. *Jenness,* 43 Vt. 183. The plaintiffs certainly had a right of action against a stranger. *Stanton* v. *Hodges,* 6 Vt. 64 ; 16 Pick. 462. The mortgagees had, at least, a special property, which they had a right to protect. *Edwards* v. *Edwards,* 11 Vt. 587.

*Jas. N. Johnson,* for the defendant.

The action is trover, and there is no conversion of the property. Melissa Warner was rightfully in possession of the property, and remained so. No change was mas made by the defendant. The action will not lie. *Tubbs* v. *Richardson,* 6 Vt. 422 ; *Hurd* v. *Darling,* 14 Vt. 221 ; *Sanborn* v. *Morrill,* 15 Vt. 700 ; *Gassett* v. *Sargeant,* 26 Vt. 434 ; *Frost* v. *Kellogg,* 23 Vt. 308 ; *Sumner* v. *Brown,* 34 Vt. 194.

The opinion of the court was delivered by

VEAZEY, J. The plaintiffs were sureties upon a promissory note for one Doras L. Spaulding, and held as security therefor a chattel mortgage upon one undivided half of all the furniture in a hotel. One Milissa Warner owned the other half, and was in possession of the whole, and operated the hotel. Having an overdue debt against Doras L., she caused his half to be attached by the defendant as deputy sheriff, on a writ in her favor against Doras L. The defendant did not remove the property, but announced that he had attached it and left it in charge of a servant of said Milissa, with instructions not to let any one move the furniture out of the house ; and it never was removed, but remained there in the possession and use of said Milissa as

before. She and this defendant knew of said mortgage at the time of the attachment. In a few weeks the attachment was released ; but before the release this suit in trover was brought. One of the grounds of defence upon the facts reported, is, that trover cannot be maintained. We think the point is well taken.

At best the plaintiffs were but tenants in common with Milissa. As a tenant in common she had the right to the possession equal to that of her co-tenants. The attachment did not disturb the possession, but it was left where the right was, in Milissa. In making the attachment under the direction of Milissa as co-tenant in possession by right, without disturbing the possession and use in fact, the defendant asserted no claim inconsistent with, or in exclusion of, the plaintiffs' right under their mortgage. They had no possession, nor right of possession superior to that of Milissa. Her object in making the attachment as the referee finds, was to prevent other creditors of Doras L. from attaching and removing the furniture. The attachment was in substance her act, by which neither she nor the defendant, as her agent, disturbed any right of the plaintiffs. She retained the possession as well for them as for herself, and continued to be accountable to her co-tenants for the use. The defendant is not liable in trover because his act, upon the facts reported, was not a conversion. *Welch* v. *Clark*, 12 Vt. 681 ; *Frost* v. *Kellogg*, 23 Vt. 308 ; *Gassett* v. *Sargeant*, 26 Vt. 424.

Another ground of defence is the alleged invalidity of the mortgage, but as all the parties to the mortgage are not before the court in this case—and as the ground above noted is conclusive, we omit to pass upon the second point.

Judgment affirmed.