## O. A. BURTON *v.* THOMAS B. KENNEDY.

*Co-tenant. Entire chattel may be taken upon attachment against
one. Replevin. Damages.*

1. An officer may seize, take possession of, and advertise for sale an entire
   chattel owned by tenants in common, upon an execution against
   one of them.
2. Nor is he rendered a tort-feasor by the fact that he levies upon the
   whole property instead of the interest of the execution-defendant
   alone. It is the sale of the entire chattel which invades the rights of
   the other tenant.
3. And it is immaterial that the execution-defendant has no equitable in-
   terest in the chattel upon settlement between him and his co-tenant,
   provided he has the legal title to an undivided part.
4. If the service of the execution has been delayed by the replevin suit the
   defendant is entitled to interest at the rate of twelve per cent upon
   the value of the interest of the execution-defendant in the goods,
   under R. L. s. 1234.
5. And, the contrary not appearing, it will be presumed that this is a one-
   half interest.

Replevin for twenty sewing machines and one hundred dozen
shirts. Plea, the general issue. Trial by jury at the April term,
1890, Royce, Ch. J., presiding. The court directed a verdict for
the plaintiff for nominal damages and costs.

The defendant excepts.

The plaintiff and Sowles were mutually interested in the operation of a shirt factory in the Tremont House property, in the village of St. Albans, and these sewing machines and shirts had been acquired in the course of that business. The goods were purchased on their joint account with money raised upon their joint notes. When the notes fell due the plaintiff, Burton, was compelled to pay them alone, and one claim was that, inasmuch as he had furnished all the money with which the property in controversy was bought, in equity it belonged to him alone.

The other facts sufficiently appear in the opinion.

The defendant moved the court to direct a verdict in his favor.

*Wilson & Hall*, for the defendant.

The plaintiff and Sowles were joint owners of this property. One tenant can not maintain replevin against his co-tenant for the possession of the joint property, nor against an officer who has taken possession of the entire chattel upon an execution against that co-tenant.

*Reed* v. *Shepardson*, 2 Vt. 120; *Whitney* v. *Ladd*, 10 Vt 165; *Welch* v. *Clark*, 12 Vt. 681; *Reed* v. *Howard*, 2 Met. 36; *Hewett* v. *Hatch*, 57 Vt. 16; *Barber* v. *Richardson*, 57 Vt. 408; *Hacket* v. *Potter*, 131 Mass. 50; *White* v. *Morton*, 22 Vt. 15; *Gassett* v. *Sargeant*, 26 Vt. 424; *Wilson* v. *Blake*, 53 Vt. 305.

*Farrington & Post*, for the plaintiff.

One who has a superior right to the possession of property may maintain replevin for that possession. A joint owner has such right.

*Sprague* v. *Carr*, 41 Vt. 6: *Cox* v. *Fay*, 54 Vt. 446; *Chaffee* v. *Harington*, 60 Vt. 718; *Pelton* v. *Draper*, 61 Vt. 364; 2 Greenl. Ev. § 561 and note.

The levy of the defendant should have been upon the interest

of Sowles. Being upon the entire property it was void. Hence the plaintiff has the superior right.

*Ladd* v. *Hill*, 4 Vt. 164; *Bradley* v. *Arnold*, 16 Vt. 382; *Smith* v. *Benson*, 9 Vt. 138.

The opinion of the court was delivered by

TAFT, J. The plaintiff testified that he and E. A. Sowles owned the property in question, and upon the trial the interest of the parties in the property was treated by the parties and the court as joint or in common. The legal title of the property being in Burton and Sowles, the property was seized and taken upon execution as the property of Sowles, by one of his creditors, the defendant acting as sheriff, and advertised for sale. Before the advertised time of sale, this suit was brought and the goods replevied. In taking personal property upon an execution an officer may seize and retain an entire chattel owned by the defendant in common with another. In case the officer takes actual possession of the property seized, there is no other mode in which the officer can make the levy than by taking the entire chattel. *Reed* v. *Shepardson*, 2 Vt. 120; *Whitney* v. *Ladd*, 10 Vt. 165. The defendant had the right to seize and hold the property on the attachment against Sowles. He had a right to its possession superior to that of the plaintiff. As is stated in *Whitney* v. *Ladd*, *supra*, "It is impossible to hold that the interest of one joint owner of personal property can be taken and sold on his individual debt, consistently with our laws, without holding that the possession by the officer, is paramount to all others." In opposition to the application of this rule to the case at bar, the plaintiff makes two questions:

*First.* That the levy was void for that it was upon the whole property instead of the interest of Sowles. In respect of the acts of the defendant, in seizing and holding the property, nothing was done by the defendant but that he had the legal right to do to make the levy effective upon Sowles' interest. No right of possession to which the plaintiff was entitled was dis-

turbed. The attachment, or levy, *and the after sale*, is what has been held in our Vermont cases to constitute an invasion of the rights of a co-tenant, in case the entire property is seized and sold upon process against the other joint owner. Such are the cases cited by plaintiff's counsel of *Ladd* v. *Hill*, 4 Vt. 164; *Bradley* v. *Arnold*, 16 Vt. 382. When an officer seizes chattels upon valid and void process at the same time, so long as he holds it rightly upon the valid process he is not liable to the owner because he returned that he attached it upon the void precept. *Luce* v. *Hoisington*, 54 Vt. 428. In *Spaulding* v. *Orcutt*, 56 Vt. 218, one co-tenant having possession of the common property, and having a debt against her co-tenant her co-tenant, attached the property, but did not in any way change the possession. In an action by mortgagees of the co-tenant's interest, against the officer who made the attachment, it was held that the attachment constituted no conversion. When an officer takes a chattel upon an attachment against one joint owner, he is entitled to the possession of it as against the co-owner. When he sells the entire chattel the co-tenant's rights are invaded. This objection is not tenable.

*Second.* The plaintiff contends that if the levy was properly made, that Sowles had no interest in the property, *i. e.* no surplus left after an adjustment of the respective rights of Burton and Sowles in the property, and therefore Sowles had no interest in the property which could be sold. It is the legal title not the equitable interest that controls in this action at law.

We hold that if Sowles had the legal title to an undivided part of the chattels, which fact was undisputed upon the trial, that part could be taken by one of his creditors by way of attachment even if his interest in the chattels was but nominal. It was so held in respect of a partner's interest in an insolvent partnership, in *Reed* v. *Shepardson*, *supra*, and we see no reason why the rule should be different in case of a joint or common ownership of property. An officer can take upon execution and sell the legal interest of a tenant in common, or joint owner, although it is

Burton *v.* Kennedy.

but nominal. The motion to direct a verdict for the defendant should have been granted. The assessment of damages is referred to the clerk, under § 1178, R. L. If he finds that the service of the execution has been delayed by reason of the replevin, the defendant is entitled to damages at the rate of 12 per cent annually on the value of the goods for the time of such delay. R. L. § 1234.

In what proportion the property is owned by Burton and Sowles is not shown by the exceptions. In the absence of such showing the presumption is that they own it equally. If the delay is found, by the clerk, the twelve per cent should be cast upon one-half the value of the entire property, *i. e.* the value of Sowles' proportion. If such delay is not found the clerk will enter nominal damages.

*Judgment reversed and judgment for the defendant for a return of the property replevied with damages and costs.*