## STUTSON WEST *vs.* ALVIN BOLTON.

Where a contract for the sale of a cow was made on condition that if the vendee paid for her the price stipulated, the cow was to be his, otherwise she was to remain the property of the vendor ; and the vendee took the cow, and used her as his own for three or four years, and in the mean time paid a part of the purchase money, which the vendor accepted ; but the vendee neglecting to pay the balance when requested, the vendor directed his son to take the cow away, which he accordingly did.— It was held in an action of trespass, brought by the vendee against the son of the vendor, for seizing and driving away the cow, that the title of the property was not vested in the plaintiff by the sale, and

That the vendor was a competent witness for the defendant to prove the contract of sale, even without a release, on the ground that he was a co-trespasser with the defendant.

This was an action of *trespass* for taking out of the plaintiff's possession a certain cow, which was alleged to be his property. Plea, the *general issue*, and notice that defendant would give in evidence that the cow, at the time of the taking, was the property of John Bolton, and that the defendant as the servant of said John, and by his directions, took and drove away the cow, as he lawfully might. It appeared on trial that in the autumn of 1826, the plaintiff contracted to buy the cow of said John Bolton, from whom he then received her, and kept and used her as his own, till the spring of 1830, when the defendant by direction of John Bolton, his father, took and drove her out of plaintiff's possession ; after which John Bolton sold the cow for his own benefit. The defence was, that the sale to the plaintiff was conditional, and not to take effect unless the cow was paid for ; that the price was $18, of which the plaintiff had at different times paid $10 ; that no note or other security for the price was ever taken—it being stipulated that in lieu of such security said Bolton was to have his security upon the property itself in plaintiff's hands, until fully paid for ; and that being unable to get the balance, after frequent demands of it, said Bolton re-took the cow in pursuance of his right under the contract. As a principal witness to make out this defence, the defendant called John Bolton, who admitted himself to have been chiefly interested in defending the suit, and that he had employed counsel : but he produced a release from the defendant. The plaintiff objected to the competency of the witness; but the objection was overruled, and the witness admitted. His evidence tended to prove the contract, as above stated, on the part of the defendant, that the plaintiff was to pay the first $10 in December after the purchase, and the residue in the following March ; that he paid the $10 in two payments, neither of which was made till some time after the time agreed on ; but were ac-

cepted by Mr. Bolton without objection on that account ; that the balance had never been paid, though several times called for by an agent sent after it by Bolton, after it became due by the terms of the contract ; and that the cow was taken by defendant without the knowledge or consent of the plaintiff ; nor was the defendant directed by his father to give plaintiff any notice until after he had gotten possession of the cow ; but was directed then to give notice to the plaintiff, and leave the cow if the balance was paid.    It did not appear that the $10, received towards the cow had been re-funded, nor that the plaintiff had otherwise made any compensa-tion for the use of the cow.    The court directed the jury, that if they found the above facts established by the evidence, the defen-dant was entitled to their verdict.    Verdict and judgment for defendant.

The plaintiff excepted, and the cause was accordingly brought up to this Court.

*Davis and Bell, for plaintiff.*—We have two grounds of ex-ception to the decission of the county court on the trial of this cause : 1st. the admission of John Bolton, as a witness ; 2nd. the charge to the jury that plaintiff ought to recover, if they found the facts true as detailed in the bill of exceptions.

As to the first point, the case shows, that Bolton, the witness, sold the cow—received the ten dollars—sent requests for the price frequently—sent his son as his agent after the cow—received her from him, and sold her to some other person for his own ben-efit ; that he was chiefly interested in defending the suit ;—that he had employed counsel, and last, and not least, that the defendant, after pleading the general issue, gave notice to plaintiff, that the cow was the property of John Bolton, and that he acted as his servant, and by his directions.    Under all these circumstances we contend he ought not to have been admitted, though released by defendant.    Suppose it to be true, that a co-trespasser jointly interested in the trespass, and not joined in the suit, may be a witness, either for or against the plaintiff, on the ground that the judgement could not be used in evidence for or against him ; though there is much reason to doubt the correctness of this, yet we contend that such doctrine by no means warrants the decision in this case.—2 *Stark. Ev.* 764–8, 478 ; *Lethridge* vs. *Philips,* 2 *Camp.* 333 ; *Morris* vs. *Danbigny,* 16 *Com. L. Rep.* 402. It is true, there is no contribution in trespass : a recovery against one joint trespasser is a bar to any suit against the other, by either

CALEDONIA,
March,
1832.

West
vs.
Bolton.

CALEDONIA,
March,
1832.

West
vs.
Bolton.

plaintiff or defendant.  Such recovery may of course be used in his defence if sued by the same plaintiff.  In this case, John Bolton was the sole person interested in the trespass, and the suit growing out of it : defendant was a mere servant, acting by his orders, and for the benefit of the witness.  True, witness might have been joined in the suit, supposing the plaintiff to have known all the facts stated by witness.  This case does not differ from that of a sheriff who attaches property by directions of a creditor on *mesne process ;* and if this case was decided correctly, such creditor may always be a witness for defendant, not only as to the fact of taking, but as to ownership of the property, at least, after a release.  Yet I believe no body ever thought of pushing the doctrine to that extent.  From the pleadings here the court must regard the witness as the real defendant in interest.  The essential matter in controverys is, whether he or plaintiff owned the cow, and the result determines that question.  The witness is in truth made a party on the record by defendant's plea ; and although no execution can issue for him or against him, yet he is not the less in interest.

2nd.  It is also contended that the court ought to have charged the jury, that, supposing the facts sworn to by John Bolton to have been true, they amounted to a waiver of the lien originally created upon the cow ; and he should have been compelled to resort to his contract for the balance due ; or that, at all events, he had no right to take this property by violence without putting plaintiff in *statu quo,* by a return or tender of the money he had received. This point was directly determined in this court last March term —(*Johnson* vs. *Babbitt,*) where Babbitt had an express lien for rents accruing on a farm let to Johnson, and went on, and took various articles, such as hay and grain, for which Johnson brought trespass, and recovered.  In this case part of the rents had been paid.  4 *Dane, p.* 461 ; 5 *East.* 449, *Hunt* vs. *Sill ;* 15 *Mass. R.* 319, *Conner* vs. *Henderson ;* 4 *Mass. R.* 502, *Kimball* vs. *Cunningham.*  These cases fully show that a party cannot rescind a contract, and yet retain advantages under it. If J. Bolton had received the whole eighteen dollars, it is agreed the sale would have been complete.  Suppose he had received one dollar for seventeen successive years ; would it be pretended he could retain this money, and forcibly possess himself of the cow for non-payment of the other dollar ?—1 *Camp.* 427, *Payne* vs. *Shadbolt ;* 4 *Mass. Rep.* 405, *Hussey et al.* vs. *Thornton.* This last case in the main asserts a proposition we do not contro-

vert; i. e., that property may be delivered in contemplation of sale, but subject to a condition afterwards to be performed. There can, however, be no doubt but this performance may be waived either expressly or by implication. It is in this latter mode that we contend Bolton waived a strict performance of terms on the part of *West,* and by accepting part paymentt afterwards sufficiently indicated his intention to sell without exacting full payment as stipulated. The above case is not at all inconsistent with this position. Indeed, Judge *Parsons* asserts, that if the seller, at the time of delivery, had forgotten to mention the security, the change of property would have taken place. Suppose that the condition, on which was to depend the change, were, that a note with good security should be executed for one half, and a payment in specific articles at a given time for the remainder. Now if the note were furnished, and the vendor should accept a portion of the articles at a day subsequent to the time of payment, could not the vendee regard the property as his till the last farthing was paid? That an attaching creditor or *bona fide* vendee would have held the cow against Bolton, there can be no doubt; and though we do not pretend that the vendee stands in so strong a right, still we think the circumstances so strong as to have well warranted him in considering the property his, and himself only liable for the balance of the price. The time of payment was specified, and the money paid long afterwards without objection, or intimation that he intended to hold the cow as security for the balance. Even supposing Bolton had a right to so much of the ten dollars as would pay a reasonable rent for the time the plaintiff had her; yet it should be remembered, in determining what that should be, that it was not a letting for rent, when the letter incurs all risk from accidents, and sustains all losses from depreciation of value from age, &c. Here *West* had no option; if the cow had died in one week, Bolton could have insisted upon the payment. The option was altogether his, and for his benefit, and made under such circumstances, the rent would not be more than legal interest on the price, or about one dollar per year.

*Mr. Chandler, for the defendant.*—By the evidence reported in this case it appears, that the sale of the cow from John Bolton to the plaintiff, was a conditional one. The payment of the $18, was a condition precedent, upon the performance of which the property was to vest in the plaintiff. Until the performance of this condition precedent, no property could vest in him by vir-

CALEDONIA,
*March,*
1832.

West
*vs.*
Bolton.

tue of this contract.—4 *Mass.* 405 ; 17 *do.* 611 ; 2 *Pick.* 512 ; 4 *do.* 449 ; *Long on sales,* 109 ; 2 *Kent's Com.* 391 ; 3 *Vt. Rep.* 161. There was no waiver of the condition by John Bolton. The fact that the property was suffered to remain in the possession of the plaintiff after the time limited by the contract for the payment of the balance of the purchase money, furnishes no evidence of such waiver in favour of the plaintiff, however the fact might be if this claim had been set up by a *creditor* of the plaintiff.

On the trial of this case, John Bolton was admitted as a witness, but objected to by the plaintiff. Of late years the courts have endeavoured as far as possible to let objections go to the *credit* rather than to the *competency* of a witness.—1 *Camp.* 145 ; 1 *D. and E.* 300 ; 3 *do.* 32 ; 1 *Philip's Ev.* 41 ; 2 *Starkie's Ev.* 392, *and* 764. The only objection to this witness must have been on the ground of interest. But this objection is entirely obviated by the release from the defendant. Without the release he would have been competent, his interest being against the defendant. The relation in which he stood to the defendant could only affect his *credibility.* This is a principle too well settled to be now contested. The case of *Hasbrouck* vs. *Town,* 8 *Johns.* 377 and the case of *Alderman* vs. *Terril,* 8 *do.* 418, (see 2 *Phil. Ev.* 140, *note,*) are both directly in point, and we find no case to the contrary. Upon the whole, it seems very clear, that the witness had no such interest in the event of this suit, as should render him incompetent, and that he was very properly permitted to testify in the case.

The opinion of the Court was given by,

WILLIAMS, J.—The possession of the plaintiff was sufficient, in this case, to enable him to maintain an action of trespass against any one except the owner, and those who acted under him. The defendant justified the taking the property, as the servant of John Bolton, the owner ; and to prove this justification, introduced the said John Bolton as a witness, he having first executed and delivered to him a release. The facts testified to by the witness were adjudged to be a full justification, if believed ; and the jury was so charged. Two questions are made ; 1st. Whether the facts testified to, were a justification ; 2nd. Whether the witness offered was a competent witness.

The testimony shows most unequivocally that the plaintiff had no property in the cow for which the suit was brought ; that the sale under which he claims, was conditional, that the property was

not to vest until paid for ; and that it had not been paid for in full. The plaintiff having failed to fulfil the conditions on the performance of which he was to have the property, all his claim at law was gone. Whether he had any equitable right, is not here the matter in dispute. The owner might retake the property again, and divest the plaintiff of possession ; and would not be guilty of any trespass in so doing. The performance of the condition was neither rescinded nor waived, but insisted on ; and it was in accordance with the contract, that the owner proceeded to take the property into his possession. As the plaintiff had not performed the condition precedent, on the performance of which the property was to pass from Bolton to him, the jury was rightly directed that the facts, if believed, entitled the defendant to a verdict.

The next question is, whether the witness offered was properly admitted? The situation of witnesses, and the facts to which they testify, are frequently such as materially to affect their credibility. This is one of those cases. The credibility of a witness is, however, for the jury to weigh. As it is not pretended but that this witness had sufficient religious belief to know and feel the obligation of an oath, and had not been convicted of any infamous crime, it remains only to enquire, whether there was any objection to him on account of interest ? for unless he is liable to some of those objections, there is no other ground on which he could have been rejected. There is no principle of policy, nor any thing arising out of the nature of the facts, he was called on to prove, which can operate to exclude, however they may throw a doubt on his veracity. Considering the witness offered as a co-trespasser, the authorities are, that he is a witness for the defendant. When a witness is excluded on account of interest, it is supposed that he derives a benefit by a recovery in favor of the party who calls him. But we can see no benefit which a cotrespasser acquires by a recovery in favor of the defendant ; it leaves him still liable to the plaintiff without any right to call for contribution.

In the case under consideration, if defendant went off justified and acquitted, in consequence of the testimony of this witness, the witness was left liable to the plaintiff for any action or claim which the plaintiff might be entitled to against him, for procuring the cow to be driven off, or aiding or assisting the defendant in taking her away.

Considering the witness as cotrespasser with the defendant he was a competent witness for him, without any release.

If a release was at all necessary, it must have been because the

CALEDONIA,
*March,*
1832.

West
*vs.*
Bolton.

witness was supposed to be under some obligation to indemnify the defendant.    If there was any such obligation, it must have arisen from the relative situation of the witness and the defendant, the former being the father, and the latter his son.

Whether this was any legal obligation in such a case or not, is of no consequence, as the defendant released the witness from any liability he might be under.    On both points made in the case we are of opinion that the decision of the county court was right ; and their

Judgement is, therefore, affirmed.