SILAS B. BRADLEY v. JOSIAH A. ARNOLD.

The right of the owner of personal property to make a conditional sale of the same, as held in *West* v. *Bolton*, 4 Vt. 558, affirmed.

Where A. leased to B. certain lands and 500 sheep for the term of sixteen years, *on condition*, among other things, that B. paid to A. 1000 lbs. of wool each year, and B. was not to dispose of any of the sheep or their increase during the term, nor of any of the wool until A. had received his yearly rent, and, at the expiration of the sixteen years, if the conditions were complied with, the property leased was to belong to B., it was held that it must be treated as a *conditional sale* by A. to B., and that A. must be considered as the owner of the sheep until the expiration of the term, and entitled to the possession of the wool, when sheared, at least as tenant in common with B.

An indorsement, on the back of such a lease, in these words, " Assigned the within instrument to C.," signed by A., without any evidence of the consideration, object, or terms of said assignment, will not operate to divest A. of his right to the possession of the wool, when sheared, as tenant in common with B., or his right to maintain trover for the conversion of his interest in it, if the whole be attached as the property of B.

If a creditor of one tenant in common of a personal chattel attach and sell on his debt the entire chattel, it is a *conversion* of the interest of the co-tenant,—as held in *Ladd* v. *Hill*, 4 Vt. 164,—for which trover will lie.

TROVER for a quantity of wool. Plea, the general issue, and trial by the court.

On trial the plaintiff gave in evidence an indenture, executed by him to John Hunt, and dated Oct. 27, 1837, by the terms of which he leased to Hunt certain premises, part being leasehold estates, together with 500 sheep, for the term of sixteen years, on condition

that Hunt paid to him one thousand pounds of wool each year, of an average quality of that shorn from the sheep, and paid all rents and taxes that should become due upon the lands, and kept the farm, fences, and buildings in good repair; Hunt was not to dispose of any of the sheep, or their increase, during the term, nor of any of the wool, until the plaintiff had received his yearly rent; and, at the expiration of the term, if the conditions were complied with, the property leased was to belong to Hunt. On the back of said indenture was this indorsement: "Argyle, Sept. 15, 1840. Assigned the within instrument to Samuel Buck, in presence of," &c. (Signed) Silas B. Bradley.

It further appeared, from the plaintiff's testimony, that the conditions of the indenture had been broken by Hunt, in not keeping the premises in repair and in not paying all the rent due on the leasehold estates mentioned in the indenture, both before and after the date of the said assignment. That in 1842 the wool in question was sheared from the sheep mentioned in the indenture by Hunt, and remained in the house of Hunt, until it was taken by the defendant, who was a constable, on executions against Hunt, and by him sold. The wool levied upon and sold was all the wool sheared from the sheep that year.

The wool that was sheared from the sheep in 1840 and in 1841 was by Hunt paid to said Buck, and by him received in payment of the amount provided for by the indenture; and in 1842, from the amount sheared from the sheep,—being about 1200 pounds,— enough was laid away in the house of Hunt to meet the amount due on the indenture. Buck expressed himself satisfied with the quality, and wished to have it remain in Hunt's house, as it would be injured by removing. At the time the wool was taken by the defendant, the 1000 pounds had not been separated from the mass. There was no testimony, except as above detailed, of the interest of Buck in the assignment of the indenture, or of the consideration of the assignment.

The court rendered judgment for the plantiff for the value of the 1000 pounds of wool; to which the defendant excepted.

*P. Isham* for defendant.

The breach of the condition of the indenture, before assignment,

Bradley *v.* Arnold.

might have given the plaintiff a right of action to recover the real estate, provided that forfeiture had not been waived by subsequent payments; 4 Cow. Phil. Ev. 281; but can have nothing to do with the wool for which this suit is brought. 12 East. 343. The assignment was made December 15, 1840, and in equity vested the whole interest in the indenture in Buck. At law it might not have been sufficient to enable him to recover the lands in ejectment, but it is sufficient to vest in him the ownership of the personal estate ;—and, after he had claimed and received the several payments of wool for the two preceding years, both parties are estopped to deny the right of the one to receive, and the duty of the other to pay;—and Bradley, by his assignment, was equally estopped to deny the right and ownership of Buck.

The wool in question was sheared in 1842, and was delivered to and accepted by Buck, the assignee, as to quality, and he requested that the same might remain in Hunt's care, as it would be injured by removal. Upon these facts, as against Hunt or Buck, Bradley has neither a property, general or special, possession, nor right of possession. The suit should have been in the name of Buck rather than of Bradley.

But it is believed, that neither Bradley, nor Buck, has any interest in the wool, the produce of the sheep, any more than in the produce of the farm. On a forfeiture of the conditions of the indenture they might claim a recovery of the identical property conveyed, but not the *produce* of that property. 9 N. H. Rep. 293.

That the produce of the farm and stock belonged to Hunt is in accordance with the manifest intention of the parties; for Hunt was purchasing the property, and it was from the produce of the farm and stock that he was to make his annual payments. Stephen's N. P. 2667—8.

*H. Canfield* for plaintiff.

1. The lease is conditional. Both the real and personal property are conveyed to the defendant during the *term* " *upon condition,*" &c. 4 Kent. 123, 132. n. (b.) 1 Sw. Dig. 93. 1 N. Y. Dig. 437. *Jackson* v. *Allen,* 3 Cow. 220. And the interest of the defendant, being an estate for years, ceased *ipso facto* as soon as the condition was broken. 4 Kent 128. 1 Sw. Dig. 94.

Bradley v. Arnold.

2.  The title of Hunt to the sheep being divested by the breach of the condition of the lease, before the wool was shorn, it follows necessarily that his title to the wool, which was incident to and a part of the sheep, was also at the same moment divested, so that no interest in it remained in him, that could be sold on execution. 2 N. Y. Dig. 423. *Otis* v. *Wood*, 3 Wend. 498. See also *Swift* v. *Mosely*, 10 Vt. 208. *Grant* v. *King*, 14 Vt. 367.

3.  The assignment on the back of the lease can in no way interfere with the claim of the plaintiff. It could convey to Buck no title to the real estate, for it wants all the formalities of a deed. It could give him no title to the sheep, for it is without consideration, either expressed in it, or proved to have been given for them, and has never been followed, on his part, by any possession of them, actual or constructive, or by any acts of ownership over them. Hence it could give no title to the wool in question, as this was a suit issuing out of the plaintiff's reversionary interest in the land and sheep.

The opinion of the court was delivered by

REDFIELD, J. By the terms of the lease we think the plaintiff must be considered the owner of the sheep until the expiration of the full term of the lease, and the performance of all the stipulations contained in it. This is made an express condition of the title passing to Hunt. And, although Hunt took possession of the sheep, and used them as his own in some sense, it was decided, so early as the case of *West* v. *Bolton*, 4 Vt. 558, that the title would still remain in Bradley. This doctrine of the right of the vendor to make the passing of the title depend upon the payment of the price, and that at a time subsequent to the delivery, thus making both the sale and the delivery conditional, has been repeatedly recognized by this court since the decision above referred to, although contrary decisions have been made in some of the states. See 13th vol. Maine R. This point, then, depends upon the construction of the terms of the lease; that is, whether the passing of the title was to depend upon these conditions. The terms of the lease are very explicit upon this subject.

1.  It is a lease for the term of sixteen years, upon condition of

Bradley *v.* Arnold.

the performance of the stipulations contained in it on the part of Hunt.

2. The sheep are to become the property of Hunt at the expiration of the term, and *on the performance of the conditions of the lease.*

This right of the vendor to make the sale and delivery conditional is the same right recognized both in the civil and common law, and is but the true spirit of equity and justice, while the contrary rule is one of expediency and policy merely. And such rules, established upon some supposed policy, are quite as often found to produce, as to prevent, wrong and injustice. 2 Kent, 4th ed., 498, and authorities cited. Ib. 497. *Barrett* v. *Pritchard,* 2 Pick. 512. 2 B. & Ald. 329, n.

2. The second point made in the case cannot prevail. The wool was not leased. And, even if it be admitted that Bradley had no such right to immediate possession of the sheep as would have enabled him to maintain *trover* for any injury done to them, still he had at least an equal right with Hunt to the immediate possession of the wool, upon its being sheared ; For, 1, It is provided that the thousand pounds shall be an average quality to that sheared from the sheep, that is, the whole flock ; 2, That Hunt shall not dispose of any of the wool until the plaintiff shall have obtained his thousand pounds ;—thus clearly showing that the plaintiff was to have a present property in the same wool taken from the sheep. It is obvious, then, that the plaintiff was, in the proportion of one thousand pounds to the whole, a tenant in common with Hunt. And having this property, unless defeated by the assignment, he might maintain trover for the injury done to his right by a wrong doer, unless the nonjoinder of his co-tenant were objected to by plea in abatement, which was not done here. And as the plaintiff only claims to recover for his interest, no question arises in regard to damages.

The wrong here complained of,—being a sale of the whole property on execution,—having been decided [*Ladd* v. *Hill,* 4 Vt. 164,] to be a conversion of the interest of a co-tenant, the case is made out for the plaintiff, unless defeated by the assignment.

In regard to the assignment, no proof was offered except the writing on the back of the lease, or contract, and the fact that Buck had, after the execution of that writing, received the wool. But

Bradley v. Arnold.

how he had received it, whether as owner, or trustee, or agent for the plaintiff, or in order to secure a debt he had against the plaintiff,—which is, perhaps, more probable,—does not appear. This is a question of no interest between the parties to this suit, but only between the plaintiff and Buck. We could not, then, be inclined to defeat the action on a ground so purely technical, unless the case were made out without the necessity of resort to distant inferences and intendments.

It is certain that nothing short of an absolute sale of the entire interest of the plaintiff in the lease would defeat his right of action. The terms of the conveyance are, " Assigned the within instrument to Samuel Buck." Now if this were done to enable Buck to receive the wool for any number of years, to secure a debt owing to him, he would acquire no legal title to the wool until after delivery, which had not been made in this case, as it all remained at Hunt's house,—and the thousand pounds not separated from the mass. So, if it were a gift, it would be inoperative until after delivery. And if it were done merely to enable Buck to receive the wool as agent for the plaintiff, it would defeat no right of the plaintiff, even after delivery.

The terms of the assignment alone, or in connection with the fact that Buck received the wool for some of the previous years, have no natural tendency to show an absolute sale to him, and payment of the price, which will be the least, which would defeat the plaintiff's right of action ; for so long as the plaintiff retained any interest in the contract, the right of action in relation to it will remain in him. *Crampton* v. *Ballard*, 10 Vt. 251. And it is even questionable whether, in the case of a contract like the present, a full sale and payment of the price will vest any *legal* interest in the assignee, as to the property, before delivery. It would seem to be the better opinion that the possession of a bailee of personal property, even coupled with an interest in the same, will not prevent the bailor from selling and transferring his interest. And Mr. Justice Story affirms, in the case of the *Brig Sarah Ann*, 2 Sumner 211, " that he knew of no principle of law which establishes, that a sale of personal chattels is invalid, because they are not in possession of the rightful owner, but are *withheld* by a wrong doer." This doctrine, however, to that extent, may be questionable.

Judgment affirmed.