Buckmaster *v.* Smith.

## DANA D. BUCKMASTER *v.* NATHAN SMITH.

Where personal property is sold, upon condition that the title shall not vest in the vendee, unless he pay the price agreed upon by a specified time, the vendee has no attachable interest in the property, or its increase, until performance of the condition.

If, after the time for payment of the price has expired, the price not being paid, a creditor of the vendee attach the property, he cannot defeat the vendor's right to sustain an action of trover against him for the property, by tendering to him the amount, which the vendee agreed to pay, and the interest thereon.

In such action of trover, brought by the vendor against the attaching creditor of the vendee, the rule of damages is the value of the property at the time of the attachment.

*Where the* property sold, in such case, was a mare, it was held, that the vendor continued also to be the owner of the colts, brought by her, until performance of the condition.

TROVER for a mare and colt. Plea, the general issue, and trial by jury, April Term, 1849,—HALL, J., presiding. The substance of the testimony is sufficiently detailed in the opinion delivered by the court. Verdict for the plaintiff for the value of the mare and colt. Exceptions by defendant.

*S. Fullam* for defendant.

*E. Edgerton* for plaintiff.

The opinion of the court was delivered by

POLAND, J. The substantial facts of this case are as follows. In the spring of 1846 the plaintiff, being then the owner of the mare sued for, put her into the possession of Amos Pike, under an agreement, that Pike was to pay the plaintiff four thousand feet of boards for her, of the value of $16,00, in the course of the then ensuing winter ; and if the boards were delivered, the mare was to become the property of Pike ; but until the delivery of the boards, she was to remain the property of the plaintiff. The boards were never delivered, but the mare remained in the possession of Pike until the month of July, 1847, when she was attached by the defendant as

the property of Pike, upon a debt against him.  In the spring of 1848 the mare brought the colt, which is sued for ; and the plaintiff demanded the mare and colt of the defendant, before he brought his suit.  The defendant offered to show, that previous to said demand upon him he offered and tendered to the plaintiff the sum of $16, and the interest thereon from the time Pike received the mare of the plaintiff, but the plaintiff refused to receive the same.  This evidence the court excluded.

The first question to be determined in this case is, whether Pike had any attachable interest in the mare, at the time she was attached in July, 1847.

Under the doctrine that has been established by repeated decisions in this state, in relation to these conditional sales, the general property in the mare remained in the plaintiff, subject to be divested by the performance of the condition of payment of the boards by Pike ; and the performance of this condition by him must precede the vesting of any title in himself.  *West* v. *Bolton*, 4 Vt. 558.  Nothing appears from the exceptions in this case, that there had been any new agreement, or understanding, between the plaintiff and Pike, as to his having any other or different right to the mare, beyond such as he acquired by the original contract.  The time, within which he was to deliver the boards, had expired, and he had failed to perform the condition, upon which depended all his interest in the mare ; and we do not perceive how, as between himself and the plaintiff, he could have compelled the plaintiff to receive the $16,00 for the mare, or could have prevented the plaintiff from recovering the possession of her, discharged of all claim on his part, or, if he had converted the mare in any way, how he could have reduced his liability below the value of the mare.  The creditors of Pike clearly could not, by attaching the mare, acquire any higher right to her, than Pike had himself; and, as we view the case, Pike had at the time of the attachment no property whatever, either general, or special, farther than a mere possession, in the mare, and no interest that could be attached.  The plaintiff, being the owner of the mare, would also be equally the owner of the colt.

This view of the case seems to dispose of all the questions raised in it;—for the tender by the defendant of the $16 and interest is based entirely upon the supposition, that the plaintiff's claim was a

mere *lien* upon the mare to that extent, which the defendant might, in the place of Pike, step in and remove by payment of that sum. The question as to the rule of damages is also raised upon the same view of the plaintiff's right; which we think is not supported by the facts appearing in the case. The cases of *West* v. *Bolton,* above cited, *Bigelow* v. *Huntley,* 8 Vt. 151, *Grant* v. *King et al.,* 14 Vt. 367, and *Smith* v. *Foster,* 18 Vt. 182, are all direct authorities in support of the view we have taken of this case.

It is urged by the defendant's counsel, that the effect of sustaining the decision below in this case will be to allow property to be placed and kept beyond the reach of creditors, and lead to the perpetration of frauds by dishonest debtors; and it is very possible, that this suggestion may not be wholly unfounded; but we consider the doctrine of conditional sales, and of the rights of the parties under them, *as too well* settled in this state, to allow any interference by the court. If the contemplated evils shall be found to exist, the legislature can easily provide a remedy.       Judgment affirmed.