CHILD & BENTON *v.* JAMES T. ALLEN.

*Conditional Sale. Estoppel. Pleading. Trespass.*

E. sold a wagon to M., with the condition that it should remain E.'s property till paid for. The price was never paid, but M., after repairing and greatly increasing the value of the the wagon, sold and delivered it for value to the plaintiffs ; whereupon the defendant, as sheriff, under E.'s direction, attached and took the wagon on a writ in E.'s favor against M., and subsequently sold it on execution issued in such action, M. being indebted to E. inde-pendently of the wagon trade. *Held* that E.'s right to the wagon was superior to that of the plaintiffs, and was not affected by his attachment of it upon M.'s indebtedness to him; that such attachment did not estop him from denying that the wagon belonged to M., and that the plaintiffs could not recover of the defendant for taking the wagon.

In trespass, whatever admissions as to his own, or the plaintiff's title the defendant may make in his special pleas, have no effect as *estoppels in pais,* and do not estop him from putting the plaintiff to full proof of his title under the general issue.

In trespass, the defence of license requires a special plea, only when such license was given by the plaintiff himself, and not when it was given to the defendant by one claiming title as against the plaintiff.

TRESPASS for taking the plaintiff's wagon. The defendant pleaded the general issue, with notice of special matter of defence to the effect that he attached and took the wagon, as deputy sheriff, by virtue of a writ in favor of Hiram Earl against one H. C. McIntire. Trial by the court, at the May Term, 1860, in Lamoille county,—POLAND, J., presiding.

The following facts appeared on the trial :

In the winter of 1859, Earl sold to McIntire an old wagon,

for the price of five dollars, upon the condition that the wagon was to remain the property of Earl until the price was paid. The purchase money was never paid. McIntire made very extensive repairs and improvements upon the wagon. He supplied one wheel with new felloes, covered and cushioned the seat anew, made one new thill, and an entirely new box and new springs, and painted the whole anew.

The court found the value of the wagon, when repaired, to be twenty dollars.

McIntire had possession of and used the wagon until about the time it was attached, as hereinafter stated, when, having become indebted to the plaintiffs for money and professional services, he sold them the wagon to apply on his debt, at the price of forty dollars.

On the same day McIntire sold the wagon to the plaintiffs, he and Earl attempted to settle their matters but had some difficulty and could not agree. Earl procured a writ against McIntire and put the same in the defendant's hands, as deputy sheriff, to serve, and directed him to take the wagon thereon, which the defendant did.

Earl duly obtained judgment in his suit against McIntire, took out execution thereon, and placed the same in the defendant's hands for collection, who duly advertised and sold the wagon thereon. The defendant claimed that if the wagon was the property of McIntire, so that he could sell the same to the plaintiffs, still, that there had been no such change of possession as would protect it against attachment by the creditors of McIntire, and also that the wagon was the property of Earl, and that having taken the same as the agent, and by the direction of Earl, he was legally justified in so doing.

The court were of the opinion that the change of possession was sufficient, in case the wagon had belonged to McIntire. But they found that this was the same wagon sold by Earl to McIntire, and therefore still the property of Earl.

The plaintiffs claimed that Earl, having attached and sold the wagon on his writ and execution against McIntire, could not afterwards set up that the wagon belonged to himself, nor could the defendant so justify under him, after having set up the justification stated in the plea and notice. But the court overruled

this objection, and rendered judgment for the defendant, to which the plaintiffs excepted.

The plaintiffs *pro se.*

*Thomas Gleed,* for the defendant.

BARRETT, J. Earl sold, by conditional sale, an old wagon, to McIntyre reserving title to himself till McIntire should pay for it. McIntire took it into his possession and use, and made extensive repairs upon it.

It is expressly found, as matter of fact, that the wagon retained its identity, though much improved by the accessory repairs. In its improved condition it was sold or turned out by McIntire to the present plaintiffs, at a stipulated price, to go in payment upon a subsisting indebtedness of McIntire to them, and, as the court find, it was sufficiently taken into their possession to answer the requirement of the law as to a change of possession. Very soon after this transaction the defendant took the wagon by direction of Earl, upon a writ in his favor against McIntire, and sold the same upon execution issued upon a judgment recovered by Earl in pursuance of said attachment, McIntire not having paid Earl for the wagon according to the terms of the sale of it to him.

This suit is brought against Allen for taking the wagon in the manner above stated.

This being an action of trespass, of course the plaintiffs must, in the first instance, stand upon such title as would give them the right to retain and hold the wagon as against the defendant, as the agent and servant of Earl. And such title is put in issue by the plea of not guilty.

It is now too late to call in question the right of a vendor by conditional sale to assert his title to the property. The adjudications in this State are numerous and familiar. A purchaser from the conditional vendee acquires no rights against the original owner by virtue of such a purchase, and even may become a trespasser in the eye of the law by making such a purchase, and taking possession of the property under it.

The identity of the wagon having been established by the finding of the county court, of course Earl's title to it, in its repaired

condition, continued to the extent of its constituting to him valid security, and except in the case of attachment by some creditor of McIntire, and a tender of the amount of Earl's claim upon it, the latter's title could not be affected or called in question by any body.

While the condition of the sale remained unperformed, it was his right, upon breach of such condition by McIntire, to take possession of the property, and nobody but an attaching creditor, who had tendered the amount of his claim, could, in any way interfere.

Now it appears in the case, that, at the time of the attachment by the defendant, McIntire owed Earl, not only for the wagon, but a considerable sum more, as the balance of current accounts between them. It could make no difference with any body else by what means Earl asserted his right to the wagon, whether by taking possession of it directly by his own hand, or through the forms of an attachment.

The fact that he adopted the form of an attachment is no ground for complaint by the plaintiffs, for all the right they acquired was in virtue of a transaction that had been completed before the attachment was made, and that has been shown to be no right at all as against Earl. So nothing in the nature of an *estoppel* can be claimed; for as suggested in the argument, it was Earl's right to attach his own property if he saw fit, provided he did it without any design to defraud, and without effecting any fraud upon the rights of others.

The idea of a retroactive *estoppel* is certainly new, and as we think, untenable. But there is a reason in this case, if reason were necessary, why Earl resorted to an attachment. By virtue of the terms of the s..le his right to the wagon would have been satisfied by a tender of the amount of his lien, by an attaching creditor, and perhaps by an assignee. But until such tender, his possessory right continued perfect and absolute. As against the effect of such a tender it may have been and probably was desirable to him to fasten upon the property. for its entire value, not only in virtue of his lien for the original price of its purchase, but also as a means of turning it to account upon his debt against McIntire outside of the purchase money due for the wagon.

As to what was urged by the plaintiffs on the score of the notice of special matter of defence, two remarks will suffice.

1st. No such justification was necessary, as it did not stand upon the ground of a license. The defendant was standing upon the right of Earl, acting as his agent and servant, and of course could successfully stand upon the right of Earl to put the plaintiffs upon establishing their title under the general issue.

The defence of license, requiring a special plea, arisés only when such license was given by the plaintiff himself; and not when the defendant stands in the shoes of one claiming title as against the plaintiff.

2d. What is claimed in this case as *estoppel* in the pleadings, can be so regarded, only as they constitute admissions, which dispense with proof of the facts admitted. But the general issue was pleaded, and this put in issue the plaintiffs' title, and enforced him to sustain it by proof, before any special defence became necessary.

Unless the defendant could stand upon this issue, he could not stand at all; for, if the plaintiffs made out their title, it was conclusive against the defendant; it being beyond question if the property belonged to the plaintiffs, the process in favor of Earl would be no protection to the defendant for taking the property. In the relation he sustained to Earl, in no event could he have been a trespasser against the plaintiffs, unless Earl would have been, if he personally had taken possession of the property on the strength of his title to it.

It is always competent for a defendant, in trespass, to put the plaintiff on proof of his title under the general issue, however many special defences he may set forth on the record; and the special pleas have no effect by way of estoppel in relation to any facts averred or admitted in them, as to the rights of the parties in the trial of the case, unless the issues upon such special pleas shall become subjects of litigation in the trial; and then they estop only as admissions that operate to preclude proof in contradiction of the averment, or to dispense with proof of what is admitted by the pleadings. They in no manner in the particular case operate as *estoppels in pais*, and outside of the purposes of the particular issue taken upon such pleas themselves; and least

of all can they be regarded in the light of operating as an *estoppel* by having unwarrantably misled the other party, as has been claimed for them in this case.

These views are so much matters of common learning in the law, that it has not been deemed important to recur to the books, or to comment on those cited in the argument.

The judgment is affirmed.