## RALPH & HAZEN FISK v. EDWARD EWEN.

One T. had possession of a pair of oxen, under a conditional contract with the plaintiff that he was to own them when he had paid for them; before they were paid for, the cattle were sold by T. to defendant's brother; the defendant being present, assisting his brother, in making the bargain, in paying the price, and in driving them off to his own farm:   *Held*, that the action of trover could be maintained against the defendant by the original owners without a previous demand.

TROVER, for a pair of oxen.

The plaintiffs' evidence tended to show that the plaintiffs delivered the oxen to one Taylor under an agreement that Taylor should own them when he paid for them; that until he should pay for them they were to remain the property of the plaintiffs; that Taylor never paid for them; that the defendant bought them of Taylor and drove them away; that the plaintiffs notified defendant that they owned the oxen, and demanded them, and defendant declined to give them up. .

The defendant's evidence tended to show that the defendant's brother James bought the oxen of Taylor; that the defendant was present and assisted James in making the bargain; that $22.50, part of an account which defendant had against Taylor, was given in as part payment for the oxen, that sum being considered as loaned by defendant to James, James paying about $110 to Taylor; that defendant assisted James in making the trade to accommodate him, and to get $22.50 of his account against Taylor; that Taylor claimed the right to sell the oxen; that defendant did not know or suspect that plaintiffs had any claim upon them; that defendant assisted James in driving the oxen away; that James kept them upon a farm in Dalton, owned by defendant and hired by James and on which they both lived; that James afterwards sold the oxen; that the plaintiff, Ralph Fisk, saw defendant at Lancaster and notified him that plaintiffs owned the oxen and requested defendant to deliver them up; that defendant said, "If they are yours go and take them;" that at that time the oxen were on the farm in Dalton.

The court instructed the jury that the plaintiffs must show a demand and refusal; that there was a demand and refusal if both parties understood that there was a demand and refusal; that the jury might decide what defendant meant by the answer, "If they are yours go and take them," if defendant made that answer; that if he meant that he would assent to Fisk's taking them, it was not a refusal; but that if he meant that Fisk could legally take them if he had a right to take them—if he merely meant that he would sue him if he did take them, it was not an assent, but might be a refusal; that if the defendant's brother bought the oxen, and defendant assisted him in buying the cattle and driving them away, with intent to apply them to his brother's use, and with intent that his brother should acquire title in them, and claim them as his own in derogation of the plaintiffs' dominion over them, the defendant would be as liable as his brother.   To which instructions defendant excepted.

The verdict was for the plaintiffs, and the defendant moved to set it aside.

Ordered that the questions arising in this case be reserved.

*Burns* & *Fletcher*, for plaintiffs.

*Haywood*, for defendant.

NESMITH, J.   Taylor had possession of the oxen under a conditional contract, that he was to own them when he had paid for them, and there is no pretence that he had paid plaintiffs for the cattle, when he bargained them away to James Ewen, the defendant's brother.   It is an elementary principle of the law, that mere possession of personal property without some other evidence of right, or of authority from the owner to sell, will not enable the possessor to transfer a better title than he has in himself.   *Covill* v. *Hill*, 4 Denio 323.   The owner of property is not bound by a sale made in a different way from that which has been authorized and for his own benefit, even though the property has been resold by the vendee.   Hilliard on Sales, 32 ; *Parsons* v. *Webb*, 8 Greenleaf 38.   The law protects the owner, claiming to enforce the condition, on the breach of the contract, under a variety of circumstances.   A. purchased of B. a mare, and it was agreed in the note, which A. gave for the purchase money, that B. should keep possession of the mare until the note was paid.   A. sold the mare before the note was paid.   *Held*, that no title passed to the vendee, as none had vested in A. and the vendee was liable in trover to B.   *Buckmaster* v. *Smith*, 22 Vt. 203 ; *West* v. *Bolton*, 4 Vt. 558 ; *Porter* v. *Pettengill*, 12 N. H. 298 ; *Haven* v. *Emery*, 33 N. H. 66 ; *Kimball* v. *Jackman*, 42 N. H. 245 ; *Marston* v. *Baldwin*, 17 Mass. 606.

According to the evidence as shown by the case, the defendant assisted his brother James in making the bargain with Taylor for the oxen, in paying for them, in driving them off, and in applying them to his own use, and, under the circumstances, we think no demand was necessary, or essential to the plaintiffs' right of recovery upon the statement of facts found in the case.   2 Greenleaf's Evidence, sec. 642 ; *Lovejoy* v. *Jones*, 30 N. H. 168 ; *Lathrop* v. *Blake*, 3 N. H. 57.

The questions upon the instructions as to the demand became immaterial, and there must be

*Judgment on the verdict.*