### J. Russell Armington *v.* Aaron B. Houston.[*]

#### *Conditional Sale.*

The plaintiff sold one Thompson provisions on conditions, made in good faith, that they were to remain the property of the plaintiff until paid for, but with the understanding that Thompson might consume them in his family. The defendant, a constable, attached the provisions in behalf of a creditor of Thompson. *Held,* that the condition was valid, and the title to the goods remained in the plaintiff until they were paid for or consumed.

Trover for two barrels of flour, three tubs of butter, two half barrels of salt fish, one barrel of crackers, one box of tea and three barrels of salt beef. Plea, the general issue, and trial by jury at the April Term, 1864, Aldis, J., presiding. The property was taken by the defendant as constable on a writ of attachment in favor of Marshall H. Burgess against one Anson Thompson, and sold upon said original writ. The taking of the property, demand by the plaintiff before service of the writ, and conversion by the defendant, are admitted. The other facts, and the charge of the court,—to which the plaintiff excepted, are set forth in the opinion. Verdict for the defendant. Exceptions by the plaintiff.

*E. A. Sowles,* for the plaintiff.

I. The court erred in charging the jury that the conditions of the contract between the plaintiff and Thompson, were *void*, if the jury should find that it was the intention and understanding between the parties that the goods might be used and consumed by said Thompson before they were paid for, without the further consent of the

---

* This case was argued at the January Term, 1865

plaintiff.  1.  This might be the case if the conditions were intended as a mere sham, gotten up in countervention or evasion of some statute.  2.  It might be if there was any fraudulent intention on the part of the contracting parties.  3.  It might be where the contract is susceptible of two meanings, and the conditions were inconsistent with other parts of the contract.  This is not the case with the present contract.  *Brown v. Gleed et al.*, 33 Vt. 153.

II.  In this case the exceptions show that there was a probability that the goods would not be used before they were paid for, and perhaps not at all.  If they were not used at all, the plaintiff reserves his title to them until the conditions are performed.  If used he reserves his title to the same up to the time of their consumption. The plaintiff and Thompson had a right to contract in this manner, if there was a *bona fide* intention, and no fraud was intended.  The presumption of law is in favor of the legality of the contract.  *Chaffee v. Sherman*, 26 Vt. 237 ; *Child & Benton* v. *Allen*,, 33 Vt. 478 ; G. S., p. 293, § 28 ; *Buckmaster* v. *Smith*, 22 Vt. 203 ; *Roberts et al.* v. *Hall*, 35 Vt. 28 ; *Sargent* v. *Metcalf*, 5 Gray, 306 ; *Burbank* v. *Crooker et al.*, 7 Gray, 159 ; *Coggill* v. *Hartford & Ct. R. R. R.*, 3 Gray, 545.

III.  The contract was merely an executory one.  Thompson was merely a bailee until the condition precedent was performed.  Such a contract does not transfer or convey the property *in presenti*, but· the title remains in the bailor until the conditions are performed. The plaintiff had a right to determine the bailment and resume the possession whenever it became necessary to protect his rights.  *Bigelow* v. *Huntley*, 8 Vt. 155 ; American Law Reg., Jan., 1855, p. 191.

*Dewey & Noble*, for the defendant.

The theory of a conditional sale is that the vendor only parts with a special property in the thing sold, and retains the general property to himself until the performance of the condition, and our courts will not give effect to a conditional sale as such when the interest in and control over the property acquired by the vendee, are incompatible with the assumption of general property in the vendor.  Such a condition is a sham, and must fall.  *Gleed et al.* v. *Brown*, 33 Vt. 147.  And where, as in this case, the vendee is invested with the right of putting an end to the very existence of the thing sold before

payment, the condition is nugatory and the sale is absolute. *Ludden*
v. *Hazen*, 31 Barb. Supreme Court Rep. 650 ; or 20 U. S. Dig. 839.

The opinion of the court was delivered by

KELLOGG, J. The court instructed the jury in this case that the
conditions of the sale of the goods by the plaintiff to Thompson, to
the effect that the goods should remain the property of the plaintiff
until they were paid for, were void as against an attaching creditor
of Thompson, as well as against Thompson, if it was the understand-
ing and intention of both the parties, at the time of the purchase,
that the goods might be used and consumed by Thompson before they
were paid for, without the further consent of the plaintiff. The
goods in question consisted of flour, butter, salt fish, salt beef, tea,
and other provisions for use in the family of Thompson, who was
the keeper of a boarding house. The plaintiff was the original
owner of the goods, and the question which the case presents is,
whether his title to the goods passed to Thompson under a contract
for the purchase of the same by Thompson, with a condition that
they should remain the plaintiff's property until the agreed price of
the sale was paid to him, if the contract was made with an under-
standing that the goods might be used and consumed by the vendee
before they were paid for.

It has been repeatedly decided in the courts of this state that on
a sale with delivery of goods at a fixed price, to be paid by a time
limited, but, until paid, the title to remain in the vendor, payment is
a condition precedent, and that until performance, the property is
not vested in the vendee,—the general property remaining in the
vendor, subject to be divested by the performance of the condition.
*West* v. *Bolton*, 4 Vt. 558 ; *Bigelow* v. *Huntley*, 8 Vt. 151 ; *Bradley*
v. *Arnold*, 16 Vt. 382 ; *Smith* v. *Foster*, 18 Vt. 182 ; *Buckmaster* v.
*Smith*, 22 Vt. 203 ; *Davis* & *Aubin* v. *Bradley* & *Co.*, 28 Vt. 118 ;
*Chaffee* v. *Sherman*, 26 Vt. 237 ; *Child* & *Benton* v. *Allen*, 33 Vt.
476 ; *Hurd* v. *Fleming*, 34 Vt. 169. As purchasers and attaching
creditors must acquire their title to the property through the vendee,
they can acquire no other title or right to it than the title or right
which he himself has in the property. He could not pass or com-
municate to others a right of which he was not himself possessed ;
and if he had no title, he could pass none. If the plaintiff ceased

to own the goods, it was by virtue of the provisions of the contract of sale, and because Thompson had a right to treat the contract of sale as an absolute sale of the property. If Thompson had this right, his creditors had the same right.

It was the unquestionable right of the plaintiff to sell this property to Thompson upon the condition that, until payment of the price, the property should remain the plaintiff's. The retention of the title to the property is not a fraud upon any person, and such a contract is one which every person has a right to make. In a conditional sale, the possession of the property is ordinarily transferred to the vendee, and very frequently with expectation of both of the parties to the sale that the property will be used by the vendee; but, in such cases, the vendee is, until the performance of the condition, only a bailee of the property for a specific purpose, and he acquires no property in the goods from the possession merely. His right rests upon the agreement of the parties, and their intention in making the contract of sale is to be carried into effect, if the transaction was entered into in good faith, unless the contract is one which violates or contravenes some established rule of law. Was it the real intention of the parties to this contract of sale that the absolute title to the property should pass to Thompson by force of the sale itself, or upon the performance of the condition for the payment of the agreed price? There can be no question but that the parties intended that the general property of the goods should remain in the plaintiff until payment was made, for this was their express agreement, and there is not even a suggestion that the transaction was in any respect otherwise than one which was honest, and made in entire good faith. It was competent for the plaintiff to make a conditional sale of the property, and also to grant to Thompson the privilege to use or consume it, without a sale. As his right to do either separately cannot be questioned, we do not think that there is any ground to claim that the plaintiff loses his right to the property by making an arrangement which in its details is in all respects lawful and proper. If, in making a conditional sale of the goods, the plaintiff retained the general property, it was his right to make any lawful use of that which was his own; and if he allowed to Thompson the privilege to use or consume the goods, both parties intend-

ing that, until the goods were so used or consumed, they should re-main the property of the plaintiff, this would be a license which would be revokable at any time before the provisions were consumed, and it would be no more than a privilege to use or consume the goods as the plaintiff's property, and not as the property of Thompson. The privilege is distinct from the ownership of the property, because it cannot be assumed that any privilege to sell the goods was intended to be conferred on Thompson by virtue of the arrangement. Where there is no fraud in fact, we think that such a transaction ought not to be considered as colorable or fraudulent in law. The general property in the goods ought not, therefore, to be treated as having passed to Thompson because the parties did not intend that it should pass until the condition of the sale was per-formed. If their contract was made in good faith, it was one which they had a right to make, and no other person has any reason to complain of it.

The case of *Ludden* v. *Hazen*, 13 Barb. 650, is relied upon by the defendant as supporting a different rule of decision from that now adopted. That case appears to have been decided on the ground that, by the contract of sale, and the delivery of the prop-erty to the vendee, with the consent of the vendor that it might be *sold*, the property became vested in the vendee, so as to be liable for his debts, notwithstanding an express provision in the contract that the vendor should retain the general property until payment of the price,—the condition in such a sale being deemed to be colorable and fraudulent as against purchasers and creditors, irrespective of the purpose and intention of the parties. Where the condition of the sale is merely colorable, and is made with the intent to defraud others, it should be deemed void ; but we think that where the trans-action appears to be an honest one, there is no rule of law which will adjudge it to be colorable and fraudulent, irrespective of the in-tentions and purposes of the parties. There is also a material dis-tinction between a general and unrestricted power to sell or dispose of property and a limited privilege to consume it, such as is claimed to have been conferred on the vendee in this case. Where property is sold upon a condition that the title is not to pass until payment, but upon the understanding that it is to be sold by the buyer in the

Armington *v.* Houston.

ordinary course of his business, the seller would be estopped from asserting any right to it adverse to the right of one who should purchase it in good faith and without notice of the condition ; but, as between the original parties, we think that the right to the property should be determined according to their intention and contract. The application of any other rule would be equivalent to a repudiation of the essential principles on which the validity of contracts of conditional sale has been maintained. In *Sargent et al.* v. *Metcalf*, 5 Gray, 306, a sale and delivery of goods upon condition that until payment of the price they should remain the property of the vendor, and should not without his consent be sold by the purchaser, and that, on the purchaser's failure to pay, or attempt to sell, the vendor might take possession of the goods and hold them absolutely as his own, was held to pass no title until the conditions were performed, although the purchaser was known by the vendor to be a dealer in such goods, and to have no use for them except for sale, and that the vendor, if guilty of no laches, might reclaim the goods from one who bought them of the purchaser in good faith and without notice of the conditions. In *Burbank* v. *Crooker et al.* 7, Gray, 158, it was held that a sale and delivery of a stock of goods to a shop-keeper to be put into his shop for sale, but upon condition that the title should not vest in him until payment of the price, did not pass a title to him before such payment which he could, as against his vendor, transfer to a purchaser of his whole stock of goods, including so much of the first stock as remained unsold, though eight months elapsed before such second sale, and though the second purchaser had no notice of the condition. These two cases fully support the conclusions which we adopt in this case. We think that if Thompson had no right to treat the contract of sale as an absolute sale, he acquired no title to the property which he could pass to purchasers or creditors ; and that the intention and purpose of the parties in making the contract is to be carried into effect, if it was made in good faith and for honest purposes.

Judgment of the county court for the defendant reversed, and a new trial granted.