## A. R. & G. M. DUNCAN v. ALLEN STONE, APPELLANT.[*]

*Trover.　Conditional Sale.　Officer.　Damages.*

The plaintiffs sold and delivered a wagon to one M. for $120, to be theirs till paid for. The defendant, as constable, attached the same as the property of M., on a writ in favor of P. & Co. against him. The wagon was stolen from the defendant within three days after the attachment, and never afterwards found. At the time of the attachment, $60 of the purchase money remained unpaid. Soon after the attachment, the plaintiffs gave notice of their claim to the defendant, and to P. & Co., but no tender, or offer, of the amount unpaid, was ever made to the plaintiffs. Judgment was rendered against M. in said suit, and execution issued within thirty days. The value of the wagon at the time of the attachment, was $95. *Held*, that the defendant was liable in trover for the full value of the wagon, and could not discharge himself by showing a loss thereof without his fault.

TROVER for a wagon. Plea, the general issue, with notice of special matter. Trial by jury, April term, 1871, Chittenden county, PIERPOINT, C. J., presiding.

It appeared from the testimony, and was not disputed, that in August, 1869, the plaintiffs sold and delivered the wagon in question to one McCarty, for $120, to be paid in monthly installments of $10, and that the wagon was to remain the property of the plaintiffs until fully paid for. It was conceded that the defendant was a constable of the town of Colchester in 1869 and 1870, and was authorized to serve the process hereafter mentioned ; that on the last day of December, 1869, the defendant received for service, a writ of attachment in favor of J. H. Platt & Co. against said McCarty, and that on the same day he attached said wagon upon said writ, as the property of the said McCarty, and, by direction of Platt & Co., took possession thereof, and that within three days thereafter, said wagon was stolen from the defendant's

* The decision in this case was announced at the January term of the supreme court in Chittenden county, in 1873.

possession, and had never since been found. It was also conceded that a judgment was obtained against McCarty in said suit, and an execution issued thereon within thirty days from the rendition thereof; that when the defendant attached the wagon, it was in the exclusive possession of McCarty, and had been since the purchase thereof; that McCarty had paid the plaintiffs $60 towards the wagon, and that $60 was still due; that when the plaintiffs learned of the attachment, they informed the defendant of the terms of their trade with McCarty, and of the amount then unpaid, on the wagon, and forbade the defendant's taking the wagon, and told him they should hold him responsible for it if he took it. The attaching creditors were also informed of the plaintiffs' claim, within a day or two after the attachment. It was also conceded that no tender, or offer of the balance due on the wagon, had ever been made by the plaintiffs.

The defendant offered to show that after he attached and took possession of said wagon, he exercised in reference to its care, preservation, and safety, that degree of diligence and care which prudent men exercise in the care and management of their own property of a similar kind, according to the rule laid down in *Briggs* v. *Taylor*, 28 Vt. 180, and that the wagon was stolen from him without his omitting to exercise such care and diligence in its preservation and safety. But the court excluded the evidence; to which the defendant excepted.

The defendant then requested the court to rule that the defendant, if liable at all, was not liable in this form of action, but that the plaintiffs' remedy, if they had any, was by an action on the case for negligence; but the court refused so to rule, and, neither party wishing to go to the jury on the testimony, directed a verdict for the plaintiffs. To the refusal to rule as requested, and to directing a verdict for the plaintiffs, the defendant excepted.

It was conceded that the value of the wagon at the time of the attachment, was $95, and that the interest thereon to the day of trial, was $7.35.

The defendant requested the court to direct that the amount of damages which the plaintiffs were entitled to recover, if they were entitled to recover anything, was only the $60 due on the wagon,

and the interest thereon; but the court directed a verdict for $102.35, the full value of the wagon at the time of the attachment, and interest thereon; to all which the defendant excepted.

*Henry Ballard*, for the defendant.

I.　The evidence offered as to the manner in which the defendant had kept the wagon until it was stolen, should have been admitted, as it had a tendency to establish a defense. In cases of ordinary attachments, the attaching officer is bound to exercise only ordinary care and diligence in regard to the property attached. *Briggs* v. *Taylor*, 28 Vt. 181; *Bridges* v. *Perry*, 14 Vt. 262; Sher. & Redf. on Negl. 609–10. Under the Gen. Stat. ch. 33, §§ 28, 29, the defendant had the right to attach the wagon, and to hold it ten days after notice of the amount of the plaintiffs' claim. It was stolen from him before the ten days expired. Its loss, then, if the defendant exercised proper care in keeping it, was without the fault of any one.

II.　No recovery can be had in this form of action, as the defendant, if liable at all, is only liable in an action on the case for negligence. There was no conversion by the defendant. He had a right to take the wagon in the first instance, and the loss of it by theft, can only be charged to him upon the ground that he failed to keep it with such care as the law required of him. In all such cases, the rule is well settled, that the remedy is by an action on the case. *Tinker* v. *Morrill et al.* 39 Vt. 477; *Nutt* v. *Wheeler*, 30 Vt. 436; *Abbott* v. *Kimball et al.* 19 Vt. 551.

Common carriers and inn-keepers are not liable in trover for goods lost or stolen through their negligence. *Bowling* v. *Nye*, 10 Cush. 416; *Ross* v. *Johnson et al.* 5 Burr. 2825.

Neither are attaching officers, in cases of ordinary attachments, liable in trover for negligence in not taking proper care of propety attached; but the remedy is in case for the negligence. *Abbott* v. *Kimball*, and *Nutt* v. *Wheeler*, *supra*.

III.　It cannot be held that the defendant, by reason of negligence in keeping the wagon, or by neglecting to pay the plaintiffs the amount of their claim, thereby became a trespasser *ab initio*, and so liable in trover. A person becomes a trespasser *ab*

Duncans v. Stone, appellant.

*initio*, only by abuse of powers and rights conferred upon him by law ; and those acts of abuse must be of such a character as to be themselves trespasses, if not licensed by law. The *Six Carpenters'* case, 1 Smith Lead. Cas. 188 ; 1 Hill. on Torts, 116 ; *Gardner* v. *Campbell*, 15 Johns. 401; *Gates* v. *Lemsburd*, 20 Johns. 427 ; *Mills* v. *Martin*, 19 Johns. 7, 32 ; *Nutt* v. *Wheeler*, *supra*. Mere acts of nonfeasance, or of negligence, are not enough. *Abbott* v. *Kimball*, *supra ;* 1 Hill. on Torts, 116 ; 1 Swift's Dig. 528. There must be some positive wrong done by the defendant, which goes to show that the original taking was not for the purpose which the law recognizes, but for some other unjustifiable object. *Stoughton* v. *Mott*, 25 Vt. 668 ; *Six Carpenters'* case, *supra ; Steillard* v. *Sweet*, 11 Eng. Crim. Law, 279; *Stone* v. *Knapp*, 29 Vt. 501 ; *Hale* v. *Clark*, 19 Wend. 499.

IV. If the plaintiffs have any remedy by reason of not being paid the amount of their claim, it is against the attaching creditors, and not against the defendant. It was their duty to make such payment, not the duty of the defendant.

V. The verdict should have been only for the amount of the plaintiffs' unpaid claim. The plaintiffs' property in the wagon, after the attachment, was a special property in the nature of a lien ; and the rule in all such cases is well settled, that the measure of damages is the amount of the lien. Sedgw. Dam. 508 ; *Hickok* v. *Buck*, 22 Vt. 149 ; *Jarves* v. *Rogers*, 15 Mass. 389 ; *Spear* v. *Hillard*, 8 Wend. 445. The rule is the same in the case of a pledge. Sedgw. 508 ; Story Bailm. 327, 359.

*E. R. Hard* and *Start & Watson*, for the plaintiffs. ·

1. Trover is appropriate, if the plaintiffs have *any* right of action.

2. Independently of the statute, the taking of the wagon by the defendant was a conversion, and gave the plaintiffs an immediate right of action. The statute gives the creditors of a conditional vendee the right, not previously existing, to attach the vendee's interest in the property ; but to perfect such right, and give effect to the attachment, the attaching creditor must pay, or tender, to the vendor, the unpaid purchase money, within ten days

17

after notice of the amount thereof remaining unpaid ; otherwise, the attachment wholly fails for want of completion.

This case does not belong to that class of cases in which it is held that acts lawful in themselves, done under an authority given by law, becomes unlawful by reason of subsequent occurrences ; but belongs to that class in which a party acting under authority given by law, fails to do that which is necessary to render acts already done by him, lawful. In both cases he is a trespasser *ab initio ;* in the former, because, *by his misconduct,* he *loses his justification ; in the latter, because, by his neglect,* he *never has one.* *Shorland* v *Govett,* 5 B. & C. 485; *Lamb* v. *Day,* 8 Vt. 407 ; *Briggs* v. *Gleason,* 29 Vt. 78 ; *Moore* v. *Robbins,* 7 Vt. 363 ; *Bond* v. *Wilder,* 16 Vt. 393 ; *Blanchard* v. *Dow,* 32 Me. 557 ; *Fales* v. *Roberts,* 38 Vt. 503.

3. As the entire legal title of the wagon was in the plaintiffs, the defendant is liable for its full value. *Smith* v. *Foster,* 18 Vt. 182 ; *Brown* v. *Haynes,* 52 Me. 578; *Angier* v. *T. P. M. Co.* 1 Gray, 621.

The opinion of the court was delivered by

WHEELER, J. Before the statute of 1854, the delivery of property under such a contract of conditional sale as appears in this case, was a mere bailment, and carried no attachable interest in the property to the bailee. *West* v. *Bolton,* 4 Vt. 558 ; *Bigelow* v. *Huntley,* 8 Vt. 151 ; *Smith* v. *Foster,* 18 Vt. 182 ; *Buckmaster* v. *Smith,* 22 Vt. 203. A creditor of the bailee could not, by attachment, acquire any right to stand in his place and pay off the claim of the conditional vendor, and thus make the property attachable. *Buckmaster* v. *Smith,* before cited. If such creditor took the property by attachment, before default in payment even, the vendor had the right against the creditor and officer to resume possession of the property, notwithstanding the bailment. *Bigelow* v. *Huntley,* before cited. It follows that, if the creditor or officer did not yield to the claim of the vendor to possession, but converted the property, the vendor could maintain trover for this conversion. In such action, the defendant could not stand at all upon the rights of the bailee, and would be liable for the full value of the property, the same as any stranger.

The statute authorized a creditor, by attachment of the propety, to take the place of the bailee in respect to the property, and extinguish the right of the vendor to it, by making payment, or tender of payment, within the time provided by the statute. But it gave the attaching creditor no right to hold the property against the vendor, otherwise than by payment or tender, according to the provisions of the statute. *Heflin* v. *Bell*, 30 Vt. 134; *Fales* v. *Roberts*, 38 Vt. 503. Neither payment nor tender of payment having been made in this case, the justification of the defendant for taking the property failed, and the plaintiffs could maintain trover, as was held in *Heflin* v. *Bell;* or replevin, as was done in *Fales* v. *Roberts*. Up to the expiration of the time provided for making payment or tender, the defendant could have stood upon the rights of the bailee, and have satisfied the rights of the plaintiffs by paying or tendering the amount due them, and then could have discharged himself from liability to the conditional vendee by exercising the diligence, and proceeding with the duties, required of an attaching officer towards the defendant in the attachment.

But after default in that respect for the whole period provided, the defendant had lost the right to stand in the place of the conditional vendee as to payment, and stood as a mere stranger to the plaintiffs. In that position, he was a trespasser as to the plaintiffs, without any justification to stand upon; and he could not discharge himself by showing a loss of the property without his fault, but stood as a wrong-doer, liable for the property by reason of the unlawful taking, without regard for what became of it after he took it.

If the vendee had an attachable interest in the property, the defendant would have had the right to have held the property from the plaintiffs until default of payment, and the plaintiffs could not have maintained replevin, nor would mere detention have been a conversion till then. But, as appears from *Fales* v. *Roberts*, they could maintain replevin at any time after the taking, before default as well as after; and this shows the whole right of property to have been in the plaintiffs. If the plaintiffs had recovered the property by taking it from the defendant, by the

yielding of the latter without action, or by replevin, they would have held it subject to the rights of the vendee as to acquiring it by making payment. What they recover in this action, they will hold in lieu of the property, subject to the same rights. The plaintiffs' having right of action, and having commenced an action for the taking by the defendant, the vendee could have no action in his own behalf against the defendant for the same taking, but has his remedy, by way of the liability of the plaintiffs over to him, after recovery by the plaintiffs. 2 Wms. Saund. 47 e; 1 Swift Dig. 531; Story Bailm. § 93, n. 2; *Heydon & Smith's* case, 13 Co. 67, 69; Bennett's Vt. Jus. 126.

The plaintiffs' right of recovery represents the interest of the vendees, as well as that of themselves, on account of the liability over, and these interests are the whole estate in the property; the plaintiffs, therefore, are entitled in this action to recover the full value of the property.

If the defendant would have avoided this full liability, he should have made payment or tender of the sum due the plaintiffs, as the statute gave him liberty to do.

This case has been twice argued without producing unanimity in the minds of the members of the court at either hearing; the views expressed are, however, assented to by a majority of the court.

Judgment affirmed.